Submitted on briefs December 11, 1923, reversed February 19, 1924.

# TOM DEMITRO *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

### (223 Pac. 238.)

**Master and Servant—Strict Compliance With Compensation Law Essential to Jurisdiction of Reviewing Court.**

1. The whole scheme of the workmen's compensation law being purely statutory, it is essential to jurisdiction of the reviewing court that requirements of the enactment be strictly complied with.

**Master and Servant—Personal Service of Notice of Appeal in Compensation Case Insufficient to Confer Jurisdiction.**

2. Under Section 6637, Or. L., requiring notices of appeal from findings of the Industrial Accident Commission to be served on the Commission by registered mail, an appeal cannot be perfected by the personal service of notice of appeal on one of the commissioners who indorses thereon his acknowledgment of such service.

**Master and Servant—Judgment on Appeal in Compensation Case Held Erroneous, No Jurisdiction Having Been Acquired.**

3. Where one dissatisfied with an award of the Industrial Commission prosecuted an appeal to, and also filed a petition for a review by, the Circuit Court, but failed to properly serve notice of his appeal, and the court, on refusal of defendant to elect between his writ of error and the appeal, treated the matter as if before it on appeal and granted additional relief, *held*, that the judgment was erroneous, where there was nothing to show an

erroneous exercise of a judicial function by the Commission such as would justify relief by writ of error, under Section 605, Or. L.; jurisdiction not having been acquired on the appeal.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

REVERSED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. James West,* Assistant Attorney General.

BURNETT, J.—The claimant, Tom Demitro, being dissatisfied with the amount allowed him by the State Industrial Accident Commission on October 6, 1922, on his claim for an alleged injury to his left eye, attempted to appeal to the Circuit Court of Multnomah County. His notice of appeal was filed October 30, 1922. Indorsed thereon at the time of filing was the following:

"State of Oregon,
 County of Multnomah,—ss.

"Due service of the within Notice of Appeal is hereby accepted in Multnomah County, Oregon, this thirtieth day of October, 1922, by receiving a copy thereof duly certified as such by Oren R. Richards, attorney for plaintiff.

"WILL T. KIRK,
"Defendant and Commissioner Above Named."

The record discloses no other evidence or proof of service of appeal. When the case came on for hearing, the Commissioner by its attorney moved to dismiss the appeal because the notice had not been served upon the Commission by registered mail. The court, however, overruled the motion and the Commission appeals. In treating of the right to

appeal, from findings of the Commission, Section 6637, Or. L., declares that

"It shall be sufficient to give the circuit court jurisdiction that a notice be filed with the clerk of said court to the effect that an appeal is taken to the circuit court from the decision of the commission, the same to be signed by the party appealing or his attorney, and a copy thereof to be served by registered mail on the commission."

1, 2. The whole scheme of the workman's compensation law is purely statutory and not according to the course of common law. It is elementary that in acquiring jurisdiction in pursuit of a statutory remedy, the requirements of the enactment must be complied with strictly. If we contemplate the Commission as a single official body, we are confronted with the proposition that the isolated admission of service by one member of the body will not control the whole body. If we contemplate the Commission in respect to its component parts of three Commissioners, we encounter practically the same proposition, that the admission of service by one of those parties or, in other words, by one of the defendants, will not control the other two defendants. In either event the record presented by the petitioner in his appeal to the Circuit Court did not confer jurisdiction upon that court. A good reason for requiring service upon the Commission by registered mail is that the personnel of the Commission is subject to change so that service upon an individual who at the time may or may not be a member of the Commission would not be fair or effective to charge the whole Commission.

3. At the time of filing his notice of appeal the petitioner also filed a petition for a review of the proceedings of the Commission in the matter at bar. On the

motion of the Commission, however, after denial of the motion to dismiss the appeal, the court required the petitioner to elect whether he would proceed as upon a writ of review or upon appeal from the decision of the Commission.   Counsel for the petitioner refused to elect and thereupon the court proceeded as if the matter were before it upon appeal and rendered a decision favorable to the petitioner. Without indicating in the least that review and appeal may be prosecuted concurrently or successively, an examination of the record presented shows that the Commission proceeded regularly in the exercise of its jurisdiction and the only complaint is its deduction from matters of fact.   In *Venable* v. *Police Commissioners,* 40 Or. 458 (67 Pac. 203), Mr. Justice WOLVERTON in treating of the writ of review said:

"The proceeding being by writ of review, the question must be resolved by the record, as one of law, and no extraneous facts or evidence *aliunde* can be taken into account."

The record propounded by the petitioner in the Circuit Court does not show in the least that the Commission, in the exercise of judicial functions, exercised them erroneously or exceeded its jurisdiction: Section 605, Or. L.   Nothing, therefore, can be claimed in this instance for the writ of review.

In brief, the Circuit Court had no jurisdiction of the matter as upon an appeal for want of service of the notice of appeal or proof thereof.   The judgment of the Circuit Court is reversed.

REVERSED.