FRANK CHIRICO, Plaintiff, *v.* KINGS COUNTY SAVINGS BANK and Others, Defendants.

Supreme Court, Special Term, Kings County, April 20, 1938.

*Andrew S. Fraser*, for the plaintiff.

*Taylor & Roberts* [*R. Downing* of counsel], for the defendants Kings County Savings Bank and Abraham Kahle.

CONWAY, J. This is an action to recover for an alleged trespass and conversion. Originally there was the conventional relationship of landlord and tenant between plaintiff and defendant bank's predecessor in title. Later this was changed and plaintiff became the superintendent of the apartment and was paid for his services by receiving an apartment, rent free, a salary of forty dollars a month, and free gas and electricity.

Plaintiff was notified by defendant bank that they no longer required his services as superintendent. Plaintiff stated that he wished to receive notification of this in writing, signed by an officer of the bank. This notice was given by personal service on June 28, 1935. Plaintiff was evicted on July third. It is plaintiff's contention that the notice was ineffectual, since section 1410 of the Civil Practice Act requires that in the city of New York the employer shall give the employee not less than three days' notice in writing by registered mail.

Plaintiff argues that section 1410 is a statute in derogation of the common law and must be strictly construed. However, he has overlooked the provisions of section 2 of the Civil Practice Act, which read as follows: " § 2. Act to be liberally construed. This act shall be liberally construed," and section 3, which reads as follows: " Rule of strict construction not applicable. The rule of the common law that a statute in derogation of the common law is strictly construed does not apply to this act."

Since the provisions of section 1410 are to be liberally construed and not to be subject to the application of the common-law rule of strict construction, it follows that personal service on June twenty-eighth was sufficient. The intent of section 1410 was to give the employee three days' notice, and to insure this, the legislature provided that the notice must be in writing sent by registered mail. The plaintiff cannot complain because he received personal notice.

Plaintiff argues that the right given to the employer is a drastic one and that the latter must come fully within the provisions of the statute granting the right. Section 1410 grants no rights to the employer. The only rights granted are to the tenant. At common law the employer had the right to evict the employee without any notice.

Even the rule stated in *Loewy* v. *Gordon* (129 App. Div. 459), cited by plaintiff in his brief, does not help him. In the course of that opinion the court said: " When a statute giving a privilege unknown to the common law or enlarging a privilege, authorizes something to be done in the manner therein prescribed, it, by necessary implication forbids that it shall be done in any other way."

Since the statute confers no new rights upon the employer, but only upon the employee, a strict construction, as required when a new right is given or a hitherto existing one is enlarged, would require a strict construction in favor of the defendant and against the plaintiff. Judgment for defendants. Submit findings.