Argued March 10, affirmed August 9, petition for rehearing denied
September 15, 1954

# WADHAMS & COMPANY ET AL. *v.* THE STATE
# TAX COMMISSION and MULTNOMAH COUNTY

273 P. 2d 440

*William H. Masters* argued the cause for appellant. On the briefs were Masters & Masters, of Portland.

*Howard E. Roos,* Special Assistant to Attorney General, of Portland, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, of Salem, and Theodore W. de Looze, Assistant Attorney General, of Salem.

*Dan M. Dibble,* Deputy District Attorney for Multnomah County, of Portland, argued the cause for intervenor-respondent. With him on the brief was John B. McCourt, District Attorney for Multnomah County, of Portland.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, LUSK, BRAND and TOOZE, Justices.

PER CURIAM.

This is an appeal from a decree of the Circuit Court denying relief to fifteen taxpayers in Multnomah County from what is claimed to be an unequal and disproportionate burden of personal property taxation for the year 1950. The decree in effect approved an order of the State Tax Commission which in turn had affirmed the action of the County Board of Equalization in refusing to disturb the assessments.

The taxpayers, herein referred to as appellants, are merchants in the city of Portland. Their asserted grievance is that their merchandise inventories were assessed at 60% of true cash value, whereas buildings and improvements on land were assessed at only 25% of true cash value. The issue is disclosed by the notice of appeal from the order of the Tax Commission to

the Circuit Court, filed by the appellant Wadhams & Company, which reads in part:

> "* * * The said Wadhams & Company appeals from said order upon the grounds that the Assessor of Multnomah County, Oregon, in assessing property subject to assessment as of January 1, 1950, has intentionally and systematically used methods in arriving at the true cash value and assessed value of different classes or kinds of property subject to assessment in Multnomah County which results in inventory personal property generally, and the inventory personal property of this appellant in particular, being systematically assessed at 60% of its true cash value, whereas, buildings and improvements are systematically assessed at only approximately 25% of their true cash value."

At the hearing in the Circuit Court all the evidence on behalf of the appellants was directed towards an attempt to support the foregoing charge. It was not claimed that the inventory personal property of the appellants was assessed at a greater sum than its true cash value nor disproportionately with regard to similar property of others. Nor is any such claim made in this court. The sole issue is upon the alleged disproportion between the assessments of plaintiffs' stocks of merchandise, on the one hand, and buildings and improvements on land in the county, on the other.

The Tax Commission and Multnomah County, which, pursuant to leave of court, filed a complaint in intervention, contend that neither the Circuit Court nor this court has jurisdiction to consider and determine the only question which the appellants have presented. The point is raised for the first time in this court, and, since it involves a question of jurisdiction, it must, of course, be passed upon.

The statutes under which the proceeding was initiated and finally reached this court are OCLA §§ 110-404, 110-524, 110-609 as amended, and 110-610. Section 110-609, as amended, and § 110-610, which provided for appeals from orders of the Tax Commission to the Circuit Court, are no longer in effect. They were repealed by Oregon Laws 1953, ch 708, which established a completely new method of judicial review of orders of the Tax Commission, now found in ORS 306.545–306.580. Section 18 of the 1953 Act, the repealing clause, provides that such repeal shall not affect proceedings pending at the time of the effective date of the Act, "except that so far as practicable such appeals, suits or proceedings shall be completed or disposed of as provided in this Act, and the procedures provided in this Act shall be employed in completing or disposing of the same." Inasmuch as this case was heard and decided in the Circuit Court in 1952, none of the provisions of the new act can be applied here.

It is provided by OCLA § 110-404 that the County Board of Equalization may correct an assessment which may be "under or beyond the full cash value" of the property assessed. OCLA § 110-609, as amended by Oregon Laws 1949, ch 98, authorized an appeal by a taxpayer who has petitioned the Board of Equalization "for a reduction and equalization of assessed valuation" from an order of the Board to the State Tax Commission. OCLA § 110-610 authorized an appeal by an aggrieved taxpayer from any order of the Tax Commission to the Circuit Court of the county in which the property affected is located. Subdivision 3 of § 110-610 provided in part as follows:

"Appeals shall be heard and determined by the court in a summary manner, as a suit in equity, except as herein provided * * * If on the hearing

the court finds that the amount at which the property finally was assessed is its reasonable true cash value and that the assessment is reasonably proportionate to assessed valuations of similar properties in the county, it shall approve such assessment; but if the court finds that the assessment was made at a greater sum than the true cash value of the property, or that such property was assessed disproportionately to other properties in the county, it shall set aside such assessment and determine the correct assessed valuation thereof.''

The foregoing language was construed by the court in an opinion by Mr. Justice BAILEY in *In re GeBauer Apartments,* 170 Or 47, 49, 131 P2d 962. The court called attention to the fact that, as originally enacted in 1929, the statute ''provided for an appeal to the circuit court from the order of the tax commission and a further appeal from the decision of that court to the supreme court, but did not designate or limit the questions to be determined by either court in reviewing the action of the taxing agencies.'' The language which we have quoted above came into the statute by an amendment adopted in 1939. Oregon Laws 1939, ch 490 § 3. Concerning these provisions the court said in the GeBauer case (p. 49):

''By the 1939 amendment only two questions are left open for consideration by the courts, to wit: (1) Was the property involved assessed at a greater sum than its true cash value? And (2) was the assessment reasonably proportionate to the assessed valuation of *similar* property in the county?'' (Italics added.)

We further said (p. 58):

''In instituting this proceeding the investment company assumed the burden of proving by clear and convincing evidence that the assessment of its property as of March 1, 1939, was in

excess of its true cash value or that the assessment was not reasonably proportionate to assessed valuations of similar properties in Jackson county * * *. We are also of the opinion that the weight of the evidence compels the conclusion that the assessment here attacked was reasonably proportionate to the assessed valuations of similar properties in Jackson county.''

■ The construction thus placed upon the statute is re-affirmed. It is manifest that the legislature, in adopting the 1939 amendment, intended to place limits upon the jurisdiction of the courts where there had been none before, and that on a question of disproportion between assessed valuations the scope of the court's inquiry was limited to properties in the county similar to the property of the complaining taxpayer.

■ We are dealing, as we said in the GeBauer case, with ''a special statutory proceeding''. It is familiar law that when a court, albeit a court of general jurisdiction, exercises a special statutory power not according to the course of the common law, its jurisdiction is limited by the terms of the statute conferring the power. *Garner v. Garner,* 182 Or 549, 555, 189 P2d 397, and cases cited. An application of this rule in a case involving the assessment of taxes may be found in *In re Blatt,* 41 N Mex 269, 67 P2d 293, 110 ALR 656. As stated in 51 Am Jur 701, Taxation § 774:

''It is recognized that if the legislature especially empowers the courts to give relief against erroneous judgments of assessing bodies, a taxpayer may have judicial redress against an allegedly excessive or illegal tax assessment despite previous administrative action. Even in such case, however, the courts can act only in the manner provided by the statute and under whatever conditions are prescribed therein.''

■ That stocks of merchandise are dissimilar properties from buildings and improvements on land, is self-evident. The appellants, therefore, have presented no issue which either the Circuit Court or this court is authorized by the statute to decide.

It follows that the decree of the Circuit Court dismissing the appeals from the order of the Tax Commission should be and it is hereby affirmed.