Argued March 9, affirmed April 5, petition for rehearing
denied July 11, 1961

# McCAIN *v.* STATE TAX COMMISSION

360 P. 2d 778
363 P. 2d 775

*Norman E. Anderson,* Portland, argued the cause for appellant. On the brief were Reiter, Day & Anderson, Portland.

*Richard Rink,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, Salem, and Alfred B. Thomas, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

LUSK, J.

Under date of October 14, 1959, the Oregon State Tax Commission entered its determination, in a proceeding pursuant to ORS 314.455, denying the plaintiff's claim of refund of income taxes theretofore, as plaintiff contends, unlawfully collected from him by the commission. Plaintiff received notice of such determination on October 15, 1959. On December 11, 1959, the plaintiff filed a complaint against the commission in the circuit court of Multnomah county for the purpose of obtaining relief from such determination as authorized by ORS 314.460(1), and on

December 14, 1959, caused a duly certified copy of such complaint and a duly certified copy of a summons to be served by the sheriff of Marion County on Charles H. Mack, secretary of the commission.

Thereafter on March 14, 1960, the commission moved to quash the summons and complaint on the ground that a true copy of the complaint had not been served on the commission by registered mail and that more than 60 days had elapsed after notice by the commission of its determination had been received by the plaintiff. The circuit court on July 29, 1960, allowed this motion and plaintiff has appealed to this court assigning the ruling as error.

ORS 314.460 (1) reads:

"An appeal from the determination of the commission upon the application made by the taxpayer for refund or revision of any tax, as provided for in ORS 314.455, may be taken by the taxpayer by filing a complaint against the commission in the circuit court of the county in which the taxpayer resides or has his principal place of business or in which is located the office of the commission and *by serving a true copy thereof upon the commission by registered mail* within 60 days after notice by the commission of its determination has been received by the taxpayer, given as provided in ORS 314.455. Thereupon appropriate proceedings shall be had and the relief, if any, to which the taxpayer may be found entitled may be granted and any such taxes, interest or penalties paid, found by the court to be in excess of those legally assessed, shall be ordered refunded to the taxpayer, with interest as provided by law. Such appeal shall proceed in the manner of a suit in equity and shall be a trial de novo except that the issues of fact and law shall be restricted to those raised by the parties in the appeal to the commission. If the court finds that other issues are important to a full deter-

mination of the controversy, it may remand the whole matter to the commission for further determination and the issuance of a new order. An appeal may be taken by the taxpayer or the commission to the Supreme Court in the manner that appeals are taken in suits in equity, irrespective of the amounts involved." (Italics added.)

The foregoing section authorizes a special statutory proceeding not according to the course of common law. It prescribes the mode by which the circuit court may acquire jurisdiction of an appeal from the commission's determination, among other things by "serving a true copy [of the complaint] upon the commission by registered mail". It is exclusive and its provisions must be strictly pursued. *Wadhams & Co. et al. v. State Tax Comm.*, 202 Or 132, 137, 273 P2d 440; *Gerber v. State Ind. Acc. Com.*, 164 Or 353, 355, 101 P2d 416; *Jackson v. State Industrial Acc. Com.*, 114 Or 373, 376-377, 235 P 302; *Demitro v. State Industrial Acc. Com.*, 110 Or 110, 112, 223 P 238; *Re Estate of Stewart*, 110 Or 408, 412, 223 P 727; *Hooper v. Hooper*, 67 Or 187, 189, 135 P 205, 135 P 525. The plaintiff argues that the use of the word "may" indicates that the provision is permissive, not mandatory, and that the taxpayer therefore is left free to adopt a different procedure than that laid down in the statute. We think that the word "may" in this context is permissive in the sense that it expresses the grant of a remedy which, but for the statute, would not have existed. But the means designated for making the remedy available to the taxpayer are an integral part of the grant. If this were not so, then, under plaintiff's contention, not only would he be free to ignore the direction to serve a copy of the complaint on the commission by registered mail, but he might have dispensed with filing a com-

plaint in the circuit court and have served a notice of appeal on the commission instead, or he might have filed the complaint in some other county than that in which he resided or had his principal place of business, or even have chosen not to be bound by the 60-day limitation; for all these procedural provisions are as much dependent on the phrase "[a]n appeal * * * may be taken by the taxpayer" as is the requirement of service on the commission by registered mail. All are essential to the acquiring of jurisdiction of the cause by the circuit court.

Directly in point is *Demitro v. State Industrial Accident Commission,* supra. The Workmen's Compensation Law authorized an appeal from a decision of the State Industrial Accident Commission to the circuit court. Oregon Laws, § 6637, provided:

"* * * It shall be sufficient to give the circuit court jurisdiction that a notice be filed with the clerk of said court to the effect that an appeal is taken to the circuit court from the decision of the commission, the same to be signed by the party appealing or his attorney, and a copy thereof to be served by registered mail on the commission. * * *"

A claimant seeking to appeal from a decision of the commission, instead of serving a copy of his notice of appeal on the commission by registered mail, filed with the circuit court a notice of appeal with an acceptance of service by one of the commissioners endorsed thereon. This court held that the circuit court never acquired jurisdiction of the cause, saying:

"The whole scheme of the workman's compensation law is purely statutory and not according to the course of common law. It is elementary that in acquiring jurisdiction in pursuit of a statutory remedy, the requirements of the enactment

must be complied with strictly. * * *" 110 Or at 112.

The *Demitro* case is sought to be distinguished on the ground that, as the court there said, "[t]he whole scheme of the workman's compensation law is purely statutory", whereas ORS 314.460, it is argued, does not provide a time within which the commission shall answer nor how it shall appear. It may be that the provision of the section that "such an appeal shall proceed in the manner of a suit in equity" is sufficiently broad to be deemed an adoption of the general statutes prescribing the time and manner for appearance by the defendant in such a suit. If not, then the court would be authorized to adopt "any suitable process or mode of proceeding" as provided by ORS 1.160①. However that may be, the mode of acquiring jurisdiction in an appeal from the determination of the tax commission is "purely statutory" and complete in itself and no failure to prescribe specifically the proceedings after jurisdiction has once attached can affect the exclusive and mandatory nature of the jurisdictional requirements.

It is further suggested that the *Demitro* case should be overruled. We cannot yield to this suggestion for the decision is in harmony with the uniform course of decision by this court in similar cases and is a proper application of an elementary rule of statutory construction.

Cases involving appeals from the circuit court to the Supreme Court are in point, counsel for the plaintiff to the contrary notwithstanding, because an appeal like the proceeding with which we are now

---

① ORS 1.160. When jurisdiction is, by the constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes.

dealing is a pure creature of statute. The right to appeal "exists only by virtue of the statute and if the application of the enactment is burdensome it is not the province of the courts to amend the same or to dispense with its requirements." In re *Waters of Chewaucan River,* 89 Or 659, 667, 171 P 402, 175 P 421. And, as we said in re *Estate of Stewart,* supra, 110 Or 412, "[s]tatutes providing for a particular kind of service are always strictly construed. It is necessary that the manner prescribed by a statute for acquiring jurisdiction of any cause be strictly followed." Even in criminal cases a party who fails to comply strictly with the requirements of the statute does so at his peril. The statute governing appeals to this court in a criminal action formerly provided that notice of appeal must be served "on the clerk of the court where the judgment roll is filed." Oregon Code 1930, § 13-1209. If the appeal was by the defendant, a similar notice was required to be served on the district attorney. Id. 13-1210. In *State v. Archerd,* 144 Or 309, 24 P2d 5, the defendant served notice of appeal on the district attorney and filed such notice with the district attorney's acknowledgment of service endorsed thereon with the county clerk. On the authority of six prior decisions, this court held (three judges dissenting) that it was without jurisdiction of the appeal because the requirement of service of the notice on the clerk of the court had not been complied with. It was argued in that case that the making of actual service upon the clerk was unnecessary and a vain act. To this Mr. Justice RAND in a specially concurring opinion answered:

"* * * However, the legislature has the power to prescribe the manner in which appeals may be perfected and, in doing so, it has the right to prescribe the doing of acts which to us may

seem to be unnecessary. But whether necessary or unnecessary, if the statute is valid, its directions are binding upon the courts. * * *

"We have no power to overrule the statute and it is settled law in this state that where the service of the notice of appeal in a criminal case has not been made upon the clerk, the appeal must be dismissed. * * *"

A similar answer might be made to plaintiff's argument here to the effect that service was made by a better method than that which the statute prescribes.

A further contention of the plaintiff is based on subsection 2 of ORS 314.460. Subsection 2 provides in substance that if the commission fails to notify the taxpayer of its determination of a claim for refund of tax within 12 months after the claim was filed, the taxpayer may bring suit to obtain the relief which he seeks and in such suit a copy of the complaint shall be served with the summons as in a suit in equity. It is argued that to hold that the legislature intended to provide a different procedure under subsection 1 than that outlined in subsection 2 is to convict the legislature of capricious action. The fact of the matter is that the legislature has provided different procedures under the two subsections and this plainly appears from a reading of the statute. There is no ambiguity in either subsection. The reason for the distinction is no concern of the court, though it may have been due to a consideration of the fact that the remedy provided in the first subsection is in the nature of an appeal from an administrative decision, whereas the second subsection is a substitute for a writ of mandamus to compel a decision. In any event, the court has no power to say that the legislature should have provided identical procedures in both

classes of cases or to take upon itself the function of rewriting the statute.

We have examined the decisions from this and other jurisdictions cited by the plaintiff, but find only one which appears to be in point. That is the case of *State v. Hannibal and St. Jo. Railroad Company,* 51 Mo 532 (1873). A Missouri statute imposed a penalty on a railroad company for failing to ring a bell or sound a whistle before its train reached a road crossing and provided that the penalty might be sued for in the name of the state and if the amount did not exceed $100 "then such suit may be commenced before a justice of the peace, and may be commenced by serving the summons on any director of such company." In an action to recover such a penalty service was not made on a director of the company, but on a station agent. The court held that the statute was "permissive and additional, and not restrictive or mandatory." Inasmuch as this was a statutory action, the decision is apparently in conflict with settled principles and with our decisions in similar cases. It is not an authority which we are at liberty to follow.

The only other decision cited by plaintiff which calls for comment is *Roseburg Lbr. Co. v. State Tax Com.,* 223 Or 294, 355 P2d 606. There the commission contended that the court was without jurisdiction of an appeal from its determination of the valuation of standing timber because the order had not been served on the taxpayer prior to the filing of the appeal. After the appeal was filed the commission issued a revised order. The first order involved timber not only of the petitioner, but of others as well. The revised order contained minor changes, none of which, however, affected the plain-

tiff's timber. The statute authorizing the appeal was not ORS 314.460(1), which governs the present proceeding, but ORS 306.510, which provides that any taxpayer whose property is affected by an order of the commission made to a county assessor or county board of equalization "may, within six months after the order or direction has become actually known to the taxpayer" appeal to the circuit court. Under these circumstances the court rejected the commission's contention. We think that there is nothing in this decision which could be considered as authority for this court to sanction failure of the plaintiff in the instant case to follow the requirement of the statute as to the manner of service upon the commission.

 Finally, the plaintiff invokes ORS 16.660 which reads:

> "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."

This section has never been applied to a question of jurisdiction. In the nature of things it cannot be, for what we are dealing with is the power of the court to hear and determine a case. When want of jurisdiction appears at any stage of the proceedings it is the duty of the court on its own motion to refuse to proceed further. *McEwen et ux. v. McEwen et al.,* 203 Or 460, 470, 280 P2d 402. ORS 16.660 was enacted for the guidance of the court when it has jurisdiction to decide a case.

 For these reasons, also, the contention of the plaintiff that the defendant waived the objection by making a general appearance is without merit. The

496

question is not of jurisdiction of the person, but of the cause, and this cannot be conferred by consent. *Liimatainen v. State Indus. Acc. Com.*, 118 Or 260, 277, 246 P 741.

The judgment is affirmed.

Reiter, Day & Anderson, Portland, for the petition.

Robert Y. Thornton, Attorney General, and Richard Rink, Assistant Attorney General, Salem, contra.

SLOAN, J., dissenting.

Since I did not participate in the decision of this case I could not express my disagreement with it. The case is now here on motion for rehearing. Such a motion reaches all the court. It provides an opportunity to briefly express the reasons for disagreement.

ORS 314.460(1) says this:

"* * * An appeal from the determination of the commission upon the application made by the taxpayer for refund or revision of any tax, as provided for in ORS 314.455, may be taken by the taxpayer by filing a complaint against the commission in the circuit court of the county in which the taxpayer resides or has his principal place of business or in which is located the office of the commission and

---
* Petition denied without opinion.

by serving a true copy thereof upon the commission by registered mail within 60 days after notice by the commission of its determination has been received by the taxpayer * * *. Such appeal shall proceed in the manner of a suit in equity and shall be a trial de novo except that the issues of fact and law shall be restricted to those raised by the parties in the appeal to the commission. If the court finds that other issues are important to a full determination of the controversy, it may remand the whole matter to the commission for further determination and the issuance of a new order. * * *"

The majority says that the service of the complaint "upon the commission by registered mail" is unequivocal and mandatory, 360 P2d 778. The purpose of this statute was thereby defeated. That purpose was, and is, to give every aggrieved taxpayer easy access to the courts. The statute was not intended to create technical hurdles or to apply the construction given that the taxpayer must trod lightly and warily if he is to get into court. We should not say that the statute requires strict compliance. We should say that the form of notice to the commission was permissive and not mandatory. And that any other equivalent or superior service otherwise provided by statute is sufficient.

In this case the taxpayer utilized a superior form of service provided by the statute (ORS 15.080) which, without restriction, establishes the method of serving summons in every kind of case. That statute provides:

"* * * The summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the county clerk, as follows:

"* * * * *

"(2) If against any county, incorporated city, school district, or other public corporation, commission or board in this state, to the clerk or

secretary thereof. If any such commission or board does not have a clerk or secretary, to any member thereof.

"* * * * * *."

That form of service should have been held sufficient.

Another problem is now presented by this case. I can express no judgment of solution but mention of the problem itself should be made. The majority takes the word "appeal" used in ORS 314.460(1) and applies it in the strict sense of the word. The majority implies that in this proceeding the court is only another step in the administrative process. No consideration is given to the remainder of the statute which says the judicial function shall be a trial de novo. A considerable difference in the exercise of judicial power appears to exist between a mere judicial review of an administrative finding and a judicial trial of facts and law. See Forkosch, Administrative Law, ch XVII, Judicial Review: Methods and Forms (1956); *Bacon v. Rutland R. R. Co.,* 1914, 232 US 134, 34 S Ct 283, 58 L Ed 538; *Jordan v. American Eagle Fire Ins. Co.,* (D C Cir, 1948) 169 F2d 281.[1] The varied and complicated relationships of the judiciary to the entire administrative process should not be further scrambled by not defining the real kind of judicial review that we are talking about. The legislature and the courts might well be benefited in future deliberations if we would examine the question and not solve it by an assumption that may or may not be correct. If rehearing were allowed this problem could receive the attention it deserves.

I am authorized to say that O'CONNELL, J., joins in this dissent.

---

[1] The authority is cited to indicate only a little of the treatment that has been given the problem mentioned.