## LEWIS & CLARK COLLEGE *v.* COMMISSION

Edward L. Epstein, Portland, represented plaintiff.

Donald C. Seymour, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered February 1, 1968.

Edward H. Howell, Judge.

The tax commission denied plaintiff's petition for a real property tax exemption and plaintiff filed suit in this court. The issue raised by the defendant's answer and affirmative defense is whether plaintiff's suit is barred by the statute of limitations.

In property tax cases the time for filing in the Tax Court is governed by ORS 306.545, as amended by Or L 1967, ch 78. The material part of that statute states:

"(1) Within 60 days after a copy of the commission's order or notice thereof has been served, or if published by the commission under subsection (2) of ORS 306.805, within six months after notice of the order has been published, the appealing party shall file an original and one certified copy of a complaint with the clerk of the Oregon Tax Court at its principal office at the state capital, Salem, Oregon. Such filing in the Oregon Tax Court shall constitute the perfection of the appeal. * * *"

■ As quoted above the 60-day period for filing in this court begins at the time the order of the commission has been "served." The method of service is found in ORS 306.805, which states that orders of the commission "shall be served by mailing a copy by registered mail to each taxpayer directly affected or his attorney * * *."

The tax commission's opinion and order denying plaintiff's claim for a property tax exemption was mailed to plaintiff's attorney by certified mail on July 28, 1967, and was received by him on July 31, 1967. The plaintiff's complaint was mailed to the Tax Court on September 26, 1967, and received and filed on September 27, 1967.

The defendant contends that the 60-day period for filing in the Tax Court is to be counted from the date of mailing the tax commission's order. The plaintiff contends that the 60 days are counted from the time the commission's order is received. If the defendant is correct, the 60-day period expired on September 26, and plaintiff's filing was one day late. If the plaintiff is correct, the time for filing in this court did not expire until September 29, 1967.

■ ORS 306.805 clearly specifies that orders of the tax commission are "served" by mailing a copy to the taxpayer or his counsel. The general statute regarding service by mail, ORS 16.790, provides that the "service shall be deemed to be made on the day of the deposit in the post office, and not otherwise." See also *Sherwood v. State Ind. Acc. Com.*, 164 Or 674, 103 P2d 714 (1940).

■ When ORS 306.805, 16.790 and 306.545, as amended, are considered together it is clear that the 60-day period for filing this case in the Tax Court started to run from the date the commission's order was mailed.

■ The plaintiff argues that consistency in income and property tax appellate procedure requires an interpretation that the time for appealing to the Tax Court be counted from the date of receipt of the commission's order as in income tax appeals. ORS 314.460 (1), as amended by Or L 1967, ch 78, requires that appeals to the Tax Court from adverse orders of the commission in income tax cases be made "within 60 days after notice by the commission of its determination has been *received by the taxpayer.*" (Emphasis supplied.) This court agrees with plaintiff that consistency and simplification of the appellate procedures in all cases is both desirable and necessary. However,

this court cannot rewrite the property tax statute to make the time limit the same in both property and income tax appeals when the statutes are obviously different. In addition to the difference in the appellate procedure in income and property tax appeals, the same inconsistency in the time for filing appeals is found in various other tax statutes.[①]

The 1967 legislature, by the enactment of Or L 1967, ch 78, took some steps toward standardizing and simplifying appeals to the Tax Court and service on the tax commission. In all probability if the inconsistency were called to the attention of the legislature it would consider the desirability of making the statute of limitations for appeals to the Tax Court the same in all cases.

The case of *Loveness v. Commission,* 3 OTR 25 (1967), referred to by both parties, is not authority for the issue in this case. There the taxpayer filed his complaint in the Tax Court within the 60 days provided for by ORS 314.460(1) for appealing income tax cases. The plaintiff mailed a certified copy of the complaint to the tax commission (as required by ORS 314.460(1) prior to the 1967 amendment contained in Or L 1967, ch 78) within the 60-day period, but it was

[①] Property tax appeals taken by local taxing authorities pursuant to ORS 306.547, as amended by Or L 1967, ch 78, are consistent with income tax appeals, yet inconsistent with property tax appeals taken pursuant to ORS 306.545, as amended. ORS 306.547, as amended, requires such local taxing authorities to appeal to the Tax Court "within 60 days after *receipt* of such [tax commission] order." (Emphasis supplied.)

In western Oregon timber tax cases ORS 321.655, as amended by Or L 1967, ch 78, provides for appeals to the commission or the small claims division of the Tax Court "within 30 days of the *mailing or delivery* of the notice * * *." (Emphasis supplied.)

In eastern Oregon timber tax cases ORS 321.470, as amended by Or L 1967, ch 115, provides that appeals to the tax commission or the small claims division of the Tax Court be made "within 20 days from the date of *mailing* the notice of deficiency or delinquency * * *." (Emphasis supplied.)

not received by the commission until after the 60 days had expired. This court held that service on the commission was accomplished when the certified copy of the complaint was placed in the mail. *Loveness* was decided before the 1967 amendment to ORS 314.460(1) and did not involve the question as to when the 60-day period for filing in the Tax Court in property tax appeals under ORS 306.805 starts to run.

■ Finally, the plaintiff contends that if this court finds that the 60-day statute of limitations begins to run from the date of the mailing of the commission's order, then filing in the Tax Court also should be considered accomplished when the complaint is mailed. As the plaintiff states in its brief: "If mailing is service, then mailing should also constitute filing." This argument has been resolved against the plaintiff in *In Re Wagner's Estate,* 182 Or 340, 197 P2d 669 (1947). There the respondent moved to dismiss the appeal on the ground that the notice of appeal was not served and filed within 60 days of the entry of the decree or judgment. The court dismissed the appeal and stated: "This court has several times held that a paper cannot be deemed to have been filed unless it is not only delivered to the proper official, but also received by him. [Citing cases.]" 182 Or at 342.

■ Since plaintiff's complaint was not filed in this court within 60 days from the date of the mailing of the commission's opinion and order as required by ORS 306.545, as amended, and ORS 306.805, plaintiff's suit is barred by the statute of limitations.