Argued July 20, affirmed September 21, petition for rehearing
denied October 14, petition for review allowed November 9, 1971

STROH, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND, *Respondent.*

488 P2d 844

*Derrick E. McGavic,* Eugene, argued the cause for appellant. With him on the briefs were Larry O. Gildea and Gildea, Speer & Allison, Eugene.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

This case presents only one question: Does a circuit court acquire jurisdiction over an appeal in a workmen's compensation case if all interested parties, within the statutory period, receive certified true copies of claimant's request for judicial review by regular mail instead of by registered or certified mail as required by ORS 656.298 (3)?

On November 4, 1970, the Workmen's Compensation Board entered an order following review of a hearing officer's decision on the extent of claimant's disability resulting from an accident incurred during his employment. On November 6, 1970, claimant filed his request for judicial review with the circuit court. All parties who had appeared in the review proceedings received certified true copies of claimant's request for judicial review in the due course of regular mail.

The circuit court, on its own motion, entered an order requiring claimant and other interested parties to appear and show cause why the court should not dismiss claimant's appeal for lack of jurisdiction to proceed because proof of service did not comply with ORS 656.298 (3). That statute provides:

> "(3) The judicial review shall be commenced by serving, *by registered or certified mail,* a copy of a notice of appeal on the board and on the other parties who appeared in the review proceedings, and by filing with the clerk of the circuit court the original notice of appeal with proof of service indorsed thereon. * * *" (Emphasis supplied.)

As a result of the hearing, the appeal was dismissed for lack of jurisdiction.

The circuit court does not acquire jurisdiction over an appeal in a workmen's compensation case until the statutory requirements for service have been met. The court properly dismissed the appeal because neither of the statutory methods of service had been used.

Harsh as it may seem, a series of prior Supreme Court cases compels this conclusion. *Demitro v. State Industrial Acc. Com.,* 110 Or 110, 223 P 238 (1924), involved an earlier version of ORS 656.298(3),[1] which required a copy of the notice of appeal to be served on the commission by registered mail. The Oregon Supreme Court there held that personal service upon a member of the State Industrial Accident Commission could not be substituted for the statutory procedure.

In *McCain v. State Tax Com.,* 227 Or 486, 360 P2d 778, 363 P2d 775 (1961), the Supreme Court expressly refused to overrule *Demitro*:

> "It is further suggested that the *Demitro* case should be overruled. We cannot yield to this suggestion for the decision is in harmony with the uniform course of decision by this court in similar cases and is a proper application of an elementary rule of statutory construction." 227 Or at 491.

The Supreme Court has uniformly required strict compliance with the statutory provisions for service in appeals. See *Demitra,* 110 Or at 112, *McCain,* 227

---

[1] Oregon Laws, § 6637 (Olson 1920):

"* * * It shall be sufficient to give the circuit court jurisdiction that a notice be filed with the clerk of said court to the effect that an appeal is taken to the circuit court from the decision of the commission, the same to be signed by the party appealing or his attorney, and a copy thereof to be served by registered mail on the commission. * * *"

Or at 489, and cases cited therein. This judicial history makes *Place v. Friesen Lumber Co.,* 2 Or App 6, 463 P2d 596 (1970), *rev'd* 258 Or 98, 481 P2d 617 (1971), inapplicable to the present circumstances. *Friesen* is the most recent case interpreting ORS 656.298 and held that subsection (1),[2] which specifies where appeals shall be filed, is a matter of venue rather than jurisdiction. This result with regard to ORS 656.298 (1) was based on the earlier Supreme Court decision in *Mack Trucks, Inc. v. Taylor,* 227 Or 376, 362 P2d 364 (1961). Apparently the Supreme Court felt that the legislature relied on *Mack Trucks, Inc.* in its 1965 revision of the Workmen's Compensation Code. We can find no similar basis for assuming that the legislature intended to affect the vesting of jurisdiction where service is involved.

Affirmed.

---

[2] ORS 656.298 (1):

"Any party affected by an order of the board may, within the time limit specified in ORS 656.295, request judicial review of the order with the circuit court for the county in which the workman resided at the time of his injury, or the county where the injury occurred."