Argued December 6, 1971, reversed and remanded
January 12, 1972

STROH, *Petitioner, v.* STATE ACCIDENT
INSURANCE FUND, *Respondent.*
492 P2d 472

*Larry O. Gildea,* Eugene, argued the cause for petitioner. On the briefs were Gildea, Speer & Allison, Eugene.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

O'CONNELL, C. J.

This is a petition for review of the judgment of the Court of Appeals which approved the judgment of the trial court. 6 Or App 628, 488 P2d 844 (1971).

The only question presented on appeal and review is whether the circuit court acquires jurisdiction if the notice required by ORS 656.298 (3) is sent and received by ordinary mail rather than by registered or certified mail. ORS 656.298(3) provides as follows:

"(3) The judicial review shall be commenced by serving, by registered or certified mail, a copy of a notice of appeal on the board and on the other parties who appeared in the review proceedings, and by filing with the clerk of the circuit court the original notice of appeal with proof of service indorsed thereon. The notice of appeal shall state:

"(a) The name of the person appealing and of all other parties.

"(b) The date the order appealed from was filed.

"(c) A statement that the order is being appealed to the circuit court.

"(d) A brief statement of the relief requested and the reasons the relief should be granted."

On November 6, 1970 claimant filed his request for judicial review and sent by regular mail a copy of notice of appeal to the board and to the other parties who appeared in the review proceedings. It is conceded that the addressees received copies of the notice of appeal.

The Court of Appeals, relying upon *Demitro v. State Industrial Accident Comm.,* 110 Or 110, 223 P 238 (1924) and *McCain v. State Tax Comm.,* 227 Or 486, 360 P2d 778, 363 P2d 775 (1961) (which the Court of Appeals characterized as "harsh"), held that the circuit court does not acquire jurisdiction unless copies of the notice of appeal are sent by certified or registered mail.

It is clear that *Demitro* and *McCain* compelled the conclusion reached by the Court of Appeals. We are now of the opinion, however, that those cases incorrectly interpreted the statutes comparable to ORS 656.298 (3) specifying that service of notice of appeal is to be effected by certified or registered mail.

■■ In the absence of statute the deposit of a notification in the mail is not effective as notice unless the notification is received.[1] However, statutes commonly provide for notification by mail and where this is the case the deposit of the notification in the mails satisfies the requirement of notice, even though the notification is not received.[2]

■ We assume that ORS 656.298 (3) was enacted to give this latter effect to a notification deposited in the

---

[1] 1 Merrill on Notice § 627, p. 707 (1952).

[2] 1 Merrill on Notice § 633, p. 716 (1952). See for example, Meierdierck v. Miller, 394 Pa 484, 147 A2d 406, 407 (1959).

mails. The effect of the statute is to make a notification by registered or certified mail effective even though it is not received. But it does not follow that the failure to certify or register the notification renders it ineffective where it is actually received by the noticee. If the statute is not complied with, the rule is the same as it is where there is no statute providing for notice by mail.[9] As we noted above, in such case, although the deposit of the notification in the mail is not effective in itself, the receipt of the notification constitutes legal notice.

■ In the present case if the interested parties had not actually received the mailed notification, plaintiff's failure to send by certified or registered mail would have conclusively established that legal notice had not been given. Proof that plaintiff had mailed the notification would be irrelevant. But the evidence establishes that the notification sent by plaintiff was actually received. Under these circumstances the notice requirement was satisfied.

*Demitro v. State Industrial Accident Comm, supra,* and *McCain v. State Tax Comm, supra,* are overruled.

The judgment of the trial·court is reversed and the cause remanded for further proceedings.

---

[9] See 1 Merrill on Notice § 636, p. 723, noting that if a statute calls for notification by registered mail, notification is ineffective "unless it actually is received." See also, Fleisher Engineering & Construction Co. v. United States, 311 US 15, 61 S Ct 81, 85 L Ed 12 (1940); United States v. Kagan, 129 F Supp 331 (D Mass 1955); Chirico v. Kings County Sav. Bank et al., 168 Misc 207, 4 NYS2d 723 (1938); Volandri v. Taylor, 124 Cal App 356, 12 P2d 462 (1932).