Argued and submitted June 5, reversed August 11, 1980

STATE OF OREGON,
*Plaintiff,*
*v.*
VERNELL FRANKLIN,
*Defendant.*

In the Matter of the Retention of
One 1964 Pontiac.
LEON WILSON,
*Appellant,*
*v.*
STATE OF OREGON,
*Respondent.*

(No. 77-209, CA 15930)

614 P2d 1229

Sam A. McKeen, Klamath Falls, argued the cause and filed the brief for appellant.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Claimant, Leon Wilson, appeals from an order forfeiting his automobile based upon the conviction of Vernell Franklin for transporting heroin in the automobile and based upon the finding, made at the conclusion of the forfeiture hearing, that "the vehicle owned by [claimant] was being used [by Franklin] with the knowledge and knowing consent of [claimant] for the unlawful transportation * * * of * * * heroin." We reverse because the state failed to comply with a statutory requirement that claimant be given certain notice after his automobile was seized.

On April 5, 1977, Vernell Franklin was arrested on the drug charge for which he was ultimately convicted, claimant was arrested on a non-drug charge and claimant's automobile was seized based upon Franklin's prior use of it to transport heroin. ORS 471.660(4) was applicable upon the seizure of claimant's automobile:

> "If the person arrested is not the owner of the vehicle or conveyance seized, the sheriff shall make *reasonable effort* to determine the name and address of the owner. If the sheriff is able to determine the name and address of the owner, he shall *immediately* notify the owner by registered or certified mail of the seizure and of the owner's rights and duties under this section and ORS 471.665." (Emphasis supplied.)

This statute requires notification: (1) of the fact of seizure; and (2) of the owner's statutory rights, which includes the right to move for return of the seized vehicle pursuant to ORS 471.660(5).

■ The sheriff did not notify claimant by mail of the April 5 seizure or of his statutory rights until September 27. There is no intelligible explanation for this delay of almost six months. We hold this delay violates ORS 471.660(4).

If claimant had timely notice of the seizure and his statutory rights, we assume violation of ORS

[663]

471.660(4) would be harmless. *Cf. State ex rel Robinett v. Smith,* 31 Or App 1167, 572 P2d 346 (1977). The record of the forfeiture hearing establishes, through claimant's own testimony, that he had actual notice his automobile had been seized within a few days of the seizure. Arguably, this was timely. The record establishes that claimant was aware of his statutory rights by May 26—about seven weeks after the seizure—when he filed a verified complaint in replevin which referred to the various statutes governing forfeiture.

■■ Whether this was timely is a closer question. ORS 471.660(4) requires a "reasonable effort" to identify the owner of a seized automobile and that the owner be "immediately" given certain notification. Given the value of most vehicles to most owners and the extreme nature of seizure and potential forfeiture, we think requiring strict compliance with the statutory notice requirement is appropriate. We conclude that, absent some reasonable explanation, and none is present here, a seven-week delay is not timely compliance with ORS 471.660(4).

■■ There was conflicting evidence that claimant was informally notified of his statutory rights sooner. The district attorney testified that within a week or two of the seizure he personally showed claimant all of the statutes governing forfeiture. Claimant denied this. The purpose of a statutory requirement for notice by registered or certified mail, such as that in ORS 471.660(4), is to avoid this kind of swearing match about whether notice was conveyed by some other means. *See, Stroh v. SAIF,* 261 Or 117, 492 P2d 472 (1972). We conclude that here conflicting evidence about notification by means other than required by statute is an insufficient basis for concluding that notice was given.

Reversed.