## IN THE OREGON TAX COURT

## U S WEST COMMUNICATIONS, INC.
*v.*
## DEPARTMENT OF REVENUE
(TC 3143)

Grady J. Cunningham, Englewood, Colorado, and David K. Detton and David J. Crapo, Holme Roberts & Owen, Salt Lake City, Utah, represented plaintiff.

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered October 28, 1992.

**CARL N. BYERS, Judge.**

This matter is before the court on plaintiff's Motion for Leave to Amend Complaint and defendant's Motion to Dismiss Plaintiff's Amended Complaint.

On September 10, 1991, plaintiff filed its complaint appealing the assessed value of its property for 1991-92. On July 14, 1992, defendant issued its opinion and order setting

the assessed value of plaintiff's property for 1992-93. This order was received by plaintiff on July 20, 1992. Plaintiff seeks to combine its appeal of the 1992-93 tax year with its appeal for the 1991-92 tax year. On September 3, 1992, plaintiff mailed an Amended Complaint to the court with its Motion for Leave to Amend the Complaint or in the Alternative Motion to Consolidate the plaintiff's 1991 and 1992 Property Tax Appeals.

Defendant contends that plaintiff's appeal of the 1992-93 tax year was late. This contention raises an issue of statutory construction. ORS 305.560(1) provides the periods of limitation for appeals to this court. The relevant portion of ORS 305.560(1) states:

> "[A]n appeal from an order of the department on an appeal taken pursuant to this chapter may be taken by filing an original and one certified copy of a complaint with the clerk of the Oregon Tax Court at its principal office at Salem, Oregon, within 60 days after a copy of the order or notice of the order has been served upon the appealing party by mail as provided in ORS 306.805, within six months after notice of the order has been given to the appealing party under ORS 306.805(1)(b) or within 45 days after notice of an order relating to an assessment under ORS 308.505 to 308.665 has been given to the appealing party."

Plaintiff is a utility subject to assessment under ORS 308.505 to ORS 308.665 and, therefore, falls within the 45-day time limit.

Defendant contends that the 45-day time limit begins with the date it mails the order. Defendant reasons that since ORS 306.805(1) requires all orders to be mailed by certified mail,[1] service of all orders is accomplished when the order is placed in the mail. Defendant concludes that since defendant mailed the order on July 14, 1992, plaintiff had until August 28, 1992, to appeal. Therefore, an appeal on September 3, 1992, was six days late.

Plaintiff contends that ORS 305.560 provides three alternative periods, depending upon the method of service. Plaintiff believes if service is accomplished by certified mail, it

---

[1] An exception is made for orders affecting more than three taxpayers as discussed below.

has 60 days to appeal; if service is by publication, it has six months; and if service is by some other method, it has 45 days. Plaintiff argues defendant is erroneously mixing the service-by-certified-mail requirement with the 45-day limit.

■ The time limits set forth in ORS 305.560(1) are periods of limitations and are not jurisdictional. ORS 305.425(2). ORS 305.560(1) does not mandate *how* service of an order is to be performed. It merely sets forth *when* appeals must be made. Nevertheless, it is helpful to consider ORS 306.805(1), which does control how orders are to be served, when construing ORS 305.560.

■ ORS 306.805 requires all orders of the department be served by certified mail unless there are more than three taxpayers affected by the order. If more than three taxpayers are affected by an order, the department can either mail a notice of the order or publish a notice of the order. ORS 306.805(1)(a) and (b). A "notice" must contain a "general statement as to the effect of the order" as well as other pertinent information. ORS 306.805(1)(a).

■ In examining ORS 305.560(1), we find that the 60-day time limit is expressly linked to ORS 306.805. Likewise, the six-month period is expressly related to ORS 306.805 (1)(b). However, the 45-day period is not linked to any part of ORS 306.805. The time limit simply applies to a "notice" of an order which "has been given" to the appealing party. Describing a "notice" instead of an "order" is inconsistent with the requirements of ORS 306.805(1). Likewise, using the term "given" is inconsistent with the service by mail provisions of ORS 306.805(1). These inconsistencies lead the court to conclude that the 45-day time period does not commence with mailing of the order. If the legislature intended the 45 days to begin running from the date of mailing, it could have easily expressed that intent. The wording it did use is so different from the other time periods and ORS 306.805(1) that the court finds the legislature intended the 45-day period begin with actual receipt of notice.

"In the absence of statute the deposit of a notification in the mail is not effective as notice unless the notification is received. However, statutes commonly provide for notification by mail and where this is the case the deposit of the notification in the mail satisfies the requirement of notice,

even though the notification is not received." *Stroh v. SAIF*, 261 Or 117, 119, 492 P2d 472 (1972) (footnotes omitted).

The court does not agree with plaintiff that ORS 305.560(1) provides three separate alternatives for companies subject to central assessment under ORS 308.505 to ORS 308.665. The 45-day time limit controls regardless of how service is made. If the notice is mailed, a taxpayer may have more or less than 60 days from the date of mailing, depending upon the date of actual receipt of notice.

It is undisputed that plaintiff received notice of the order in question on July 20, 1992. Plaintiff mailed its complaint to this court on September 3, 1992, which constitutes filing under ORS 305.418. The court finds that plaintiff filed its complaint on the 45th day and was not late. Now, therefore,

IT IS ORDERED that plaintiff's Motion for Leave to Amend Complaint is granted, and

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is denied and defendant shall have 10 days to plead further.