## AGNAR A. AND LOUISE B. STRAUMFJORD
## *v.* COMMISSION

Howard I. Bobbitt, Beaverton, represented the plaintiffs.

Gerald F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision on affirmative defense for plaintiffs rendered May 26, 1967, decision on the merits for defendant rendered July 12, 1967.

EDWARD H. HOWELL, Judge.

■ An assessment notice for additional personal income tax for the year 1963 was sent to plaintiffs on September 21, 1965. The plaintiffs appealed to the tax commission and a hearing was held on July 19, 1966 with plaintiff Agnar Straumfjord and Howard I. Bobbitt, his counsel, present. The tax commission sus-

tained the deficiency assessment and a copy of the opinion and order was sent to plaintiffs' attorney and received by him on July 27, 1966. No copy of the opinion and order was ever served upon or delivered to the taxpayers. The plaintiffs appealed to this court by filing a complaint herein on October 17, 1966. In its answer and affirmative defense the defendant alleged that the plaintiffs' complaint should be dismissed because they did not file in this court within the sixty days provided in ORS 314.460(1). This statute requires appeals to this court from the tax commission in cases involving income taxes to be filed "within 60 days after notice by the commission of its determination has been received by the taxpayer, given as provided in ORS 314.455." The latter statute merely states that the commission shall notify the taxpayer of its determination of the amount of tax due.

If the service of the defendant's opinion and order on plaintiffs' attorney is sufficient the complaint must be dismissed because it is conceded that the complaint was not filed in this court within the 60 days allowed by ORS 314.460.

■ Contrary to the procedure in property tax cases where ORS 306.805 (with certain exceptions not material) permits service of the commission order on the taxpayer *or his attorney,* ORS 314.455 and 314.460 specifically state that the commission shall *notify the taxpayer* of its order and the taxpayer may appeal within 60 days after such notice.

The defendant contends the above statutes requiring that notice be given to the taxpayer have been superceded in this case by ORS 314.820 which states:

"No attorney, accountant or agent shall be recognized as representing any taxpayer in regard to

any claim, appeal or other matter relating to the tax liability of such taxpayer in any hearing before, or conference with, the commission, or any member or agent thereof, unless there is first filed with the commission a written authorization or unless it appears to the satisfaction of the commission, or member or agent thereof, that the attorney, accountant or agent does in fact have authority to represent the taxpayer."

No written authorization to appear as counsel for plaintiffs was filed with the commission but the opinion and order states that among those present at the hearing before the commission was "Mr. Howard I. Bobbitt, attorney representing the taxpayers."

There is some basis for the defendant's argument that after counsel appeared and represented the plaintiffs at the hearing before the commission the commission was justified in serving counsel with the copy of the opinion and order. On the other hand, by seeking to dismiss plaintiffs' complaint for not having been filed in time, the defendant is taking advantage of its own failure to comply with the statute requiring that notice be given to the taxpayer.

The Oregon Supreme Court stated in *McCain v. State Tax Com.*, 227 Or 486, 360 P2d 773, 363 P2d 775 (1961) that the statutory proceedings by which the court acquires jurisdiction of an appeal from the tax commission should be strictly construed. It is not inconceivable that a taxpayer's counsel who was familiar with the *McCain* case and with ORS 314.460 could allow his appeal time to expire while he waited for the tax commission to follow the statute and give the notice to the taxpayer.

The defendant's affirmative defense of the statute of limitations is dismissed.

## ON THE MERITS

Howard I. Bobbitt, Beaverton, Oregon, represented plaintiff.

Gerald F. Bartz, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for defendant rendered July 12, 1967.

· EDWARD H. HOWELL, Judge.

This proceeding involves the question of whether certain funds received by plaintiff Agnar A. Straumfjord are includible in gross income as compensation under ORS 316.105[1] or excluded under ORS 316.110[2] as a gift.

The plaintiff graduated from the University of Oregon Medical School in 1955. After a tour of duty in the military service he returned to the medical school and became a resident physician in internal medicine. In January 1963 plaintiff decided to apply for a fellowship to study psychiatry under a grant from the National Institute of Mental Health, a division of the United States Public Health Service. The grant is administered by the University of Oregon Medical School. Plaintiff was a resident physician training in psychiatry during this period and received $1,000 per month through the university with no deductions for pensions or social security, but state and federal taxes were withheld from his salary. He testified that he received a vacation, had some voice as to where he would be assigned to work and that the grant would terminate if he ceased to study psychiatry. In 1963 and 1964 the plaintiff studied psychiatry, worked with patients in the psychiatric ward at the University of Oregon Medical School and the State Hospital in Salem, in the child guidance clinic and the Multnomah County Court. The plaintiff stated that he considered he was practicing medicine during this period and that he was performing a beneficial service for the patients at the various clinics and hospitals.

---

[1] ORS 316.105 defines gross income as "[G]ains, profits and income derived from salaries, wages or compensation for personal service, of whatever kind and in whatever form paid * * *."

[2] ORS 316.110(8) excludes from gross income the "value of property acquired by gift * * *."

The tax commission found that the grant was compensation paid to plaintiff for professional services, not a gift, and issued a deficiency assessment.

■ Like ORS 316.110(8), section 102 of the Internal Revenue Code of 1954 also excludes gifts from gross income. No statutory definition of gift is found in either the federal code or in the Oregon tax statutes. However, in the leading case of *Commissioner v. Duberstein*, 363 US 278, 80 S Ct 1190, 4 Led2d 1218, 5 AFTR2d 1626, 60-2 USTC ¶ 9515 (1960), the United States Supreme Court found that the common law definition of a gift as a voluntary executed transfer of one's property to another without consideration or compensation therefor is not necessarily a gift within the meaning of the Internal Revenue Code. The court then stated the following as tests to be applied to determine whether payments are gifts or compensation for services:

"* * * if the payment proceeds primarily from 'the constraining force of any moral or legal duty,' or from 'the incentive of anticipated benefit' of an economic nature, Bogardus v. Commissioner, 302 US 34, 41, 82 L ed 32, 37, 58 S Ct 61, it is not a gift. And, conversely, '[w]here the payment is in return for services rendered, it is irrelevant that the donor derives no economic benefit from it.' Robertson v. United States, 343 US 711, 714, 96 L ed 1237, 1240, 72 S Ct 994. A gift in the statutory sense, on the other hand, proceeds from a 'detached and disinterested generosity,' Commissioner v. Lo Bue, 351 US 243, 246, 100 L ed 1142, 1147, 76 S Ct 800; 'out of affection, respect, admiration, charity or like impulses.' Robertson v. United States, supra (343 US at 714). And in this regard, the most critical consideration, as the Court was agreed in the leading case here, is the transferor's 'intention.' Bogardus v. Commissioner, 302 US 34, 43, 82 L ed

32, 38, 58 S Ct 61. 'What controls is the intention with which payment, however voluntary, has been made.' Id. 302 US at 45 (dissenting opinion)." 4 Led2d at 1225.

See also *U. S. v. Pixton*, 326 F2d 626 (5th Cir 1964), 13 AFTR2d 379, 64-1 USTC ¶ 9176; *Dejong v. Comm.*, 309 F2d 373 (9th Cir 1962), 10 AFTR2d 5863, 62-2 USTC ¶ 9794 (1962); *Crosby Valve and Gage Co. v. Commissioner*, 46 TC 641 (1966).

In *Stone v. Commissioner*, 26 TC 254 (1954), the petitioner was the recipient of a grant from the Guggenheim Foundation to do research in English drama. The commissioner contended the grant was paid as compensation to the taxpayer. The Tax Court, however, relying on the intent of the donor, found the grant to be a gift and not compensation for services.

In 1954, subsequent to the tax year involved in *Stone*, Congress enacted section 117 of the Internal Revenue Code in an attempt to settle the controversy of gift or compensation in scholarship and fellowship grants.[9] *Bachmura v. Commissioner*, 32 TC 1117 (1959). Section 117(a) provides that gross income does not include amounts received as a scholarship at an educational institution or as a fellowship grant. Paragraph (1) of subsection (b) limits subsection (a) in cases where the individual is a candidate for a degree by making section 117(a) inapplicable to amounts received for teaching or other services required as a condition to receiving the grant. In cases where the recipient of the grant is not a candidate for a degree subparagraph (2) of subsection (b) provides that section 117(a) is applicable if the grantor is an instru-

[9] The 1967 Oregon legislature passed similar legislation by enacting ch 61, Or L 1967, but it does not affect the instant case.

mentality of the United States (among others) and limits the exclusion to $300 times the number of months, not exceeding 36 months, that the recipient receives amounts under the grant.

■■ Scholarships are defined as amounts paid to a student to aid him in pursuing his studies at an educational institution. Section 117(a)(1)(A), Reg § 1.117-3(a). Fellowships are amounts paid to an individual to aid him in the pursuit of study or research. Reg § 1.117-3(c).

The enactment of section 117 did not solve the problem of whether the grant amounts to compensation for services, and therefore includible in gross income. See Gordon, *Scholarship and Fellowship Grants,* 1960, Wash L Rev. Moreover, federal Reg § 1.117-4 recognizes that if the payments amount to compensation for services they cannot qualify for exclusion from gross income as scholarship or fellowship grants.[4] In *Bachmura v. Commissioner, supra,*

---

[4] § 1.117-4 Items not considered as scholarships or fellowship grants. The following payments or allowances shall not be considered to be amounts received as a scholarship or a fellowship grant for the purpose of section 117:

"* * * * *

"(c) Amounts paid as compensation for services or primarily for the benefit of the grantor.

"(1) Except as provided in paragraph (a) of § 1.177-2, any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor.

"(2) Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor.

"However, amounts paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research are considered to be amounts received as a scholarship or fellowship grant for the purpose of section 117 *if the primary pur-*

the Tax Court interpreted the intention of Congress in enacting section 117 in these words:

"It is patent, we think, that Congress never intended that the exclusion provided in section 117(a) should apply to payments received by an individual not a candidate for a degree merely because they were received from an educational or charitable institution or foundation meeting the requirements as set forth in section 117(b)(2)(A).   *   *   *

"According to section 1.117-4(c), payments received, even though to enable the recipient to pursue studies or research, are not to be regarded as amounts received as fellowship grants within the meaning of section 117 and as such excluded from gross income, if the payments represent compensation for what in the regulation has been termed 'employment services.' On the other hand, the regulation recognizes as excludible under section 117(a) payments even though compensatory in character, provided they are amounts paid to the individual to enable him to pursue studies or research, if the primary purpose of such studies or research is to further the education and training of the recipient in his individual capacity, and provided they do not represent compensation for 'employment services,' as previously indicated.   *   *   *" 32 TC at 1125, 1126.

In the following cases the courts held that the amounts received were primarily for the additional

pose of the studies or research is to further the education and training of the recipient in his individual capacity and the amount provided by the grantor for such purpose does not represent compensation or payment for the services described in subparagraph (1) of this paragraph. Neither the fact that the recipient is required to furnish reports of his progress to the grantor, nor the fact that the results of his studies or research may be of some incidental benefit to the grantor shall, of itself, be considered to destroy the essential character of such amount as a scholarship or fellowship grant." (Emphasis supplied.)

education and training of the donee and were not com-
pensation for personal services: *Wrobleski v. Bingler,*
161 F Supp 901 (DC Penn 1958), 1 AFTR2d 1987, 58-2
USTC ¶ 9556; *William Wells v. Commissioner,* 40 TC
40 (1963); *Clarence Peiss v. Commissioner,* 40 TC 78
(1963); *Aileene Evans v. Commissioner,* 34 TC 720
(1960). The following cases held to the contrary: *Reif-
fen v. United States,* 376 F2d 883 (Ct Cl 1967), 19
AFTR2d 1419, 67-1 USTC ¶ 9439; *Woddall v. Com-
missioner,* 321 F2d 721 (10th Cir 1963), 12 AFTR2d
5421, 63-2 USTC ¶ 9672; *Ethel M. Bonn v. Commis-
sioner,* 34 TC 64 (1960). See also the revenue rulings
and cases listed in Professor Gordon's article, *Scholar-
ship and Fellowship Grants,* 1960, Wash L Rev, *Supra.*

■■ As Oregon did not have a statute in 1963 sim-
ilar to section 117 of the Internal Revenue Code the
question of whether the fellowship grant constituted a
gift or compensation must be decided considering all
the facts, including the intention of the transferor and
the reasons for the transfer. *Commissioner v. Duber-
stein, supra.* Did the grant proceed from "a detached
and disinterested generosity" from the United States
Public Health Service or "out of affection, respect, ad-
miration, charity or like impulse?" *Duberstein, supra.*
The obvious reason the United States Department of
Public Health made the grant available to plaintiff and
other qualified individuals was to increase the number
of physicians trained in psychiatry for the benefit of
the citizenry of the country. *Evans v. Commissioner,
supra.* It could hardly be said that the grant was made
out of affection or charity for plaintiff or from a
detached generosity. The United States Government
has a definite interest in training specialists in the
field of emotional illness and health for the benefit of
the public. The plaintiff was paid $12,000 per year to

better equip himself to practice medicine. He testified that he was practicing his profession and rendering a benefit to the parties involved. He was under the supervision of the University of Oregon Medical School which assigned him to the various places. If the plaintiff failed to pursue his course of psychiatric study, the grant would terminate. State and federal taxes were deducted from his salary. The grant to plaintiff was not a gift as discussed in *Duberstein* but was a contract whereby plaintiff was being paid compensation in consideration of his undertaking training in psychiatry in order to better equip himself to serve the public.

The order of the tax commission is affirmed.