## DONALD AND SYLVIA FURTICK *v.* STATE TAX COMMISSION

Joe B. Richards, Eugene, Oregon, represented plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision rendered for plaintiff July 12, 1968.

EDWARD H. HOWELL, Judge.

The only issue presented in this appeal is whether the notice of deficiency and proposed income tax assessment for 1963 which was sent by defendant to the plaintiffs' accountant was proper notice under ORS 314.405.

Generally ORS 314.405 provides that any audit of a taxpayer's return shall be made as soon as practicable after the return is filed. If the audit shows that a tax deficiency exists the commission shall "give

notice to the taxpayer of its proposal to assess the deficiency * * *." The taxpayer shall pay the deficiency or submit written objections to it within thirty days from the date of the mailing of the notice of the proposed deficiency. If neither payment is made nor written objections filed within thirty days, the tax commission shall assess the deficiency and give the taxpayer "notice of the amount so assessed."

Subsection (7) of ORS 314.405 states that mailing of notice to the *taxpayer* at his last known address shall constitute notice of both the proposed assessment and the actual assessment.

The defendant contends that mailing the notice of proposed deficiency assessment to plaintiffs' accountant is sufficient compliance with ORS 314.405.[1] The defendant also contends that it was justified in sending the notice to plaintiffs' accountant because the accountant was representing the plaintiffs as their agent.[2]

Prior to March 24, 1967, the commission's auditor in Eugene had been conducting an audit of plaintiffs' tax returns for 1963, 1964 and 1965. (Plaintiffs' re-

---

[1] The statutes regarding notice to the taxpayer are not uniform. ORS 314.455(2) requires the tax commission to notify the *taxpayer* of its final determination after appeals in income tax cases. In property tax cases ORS 306.805 requires the commission to give notice of its order to the *taxpayer or his attorney.* See also *Straumfjord v. Commission,* 3 OTR 69 (1967).

[2] ORS 314.820 states:

"Recognizing representative of taxpayer. No attorney, accountant or agent shall be recognized as representing any taxpayer in regard to any claim, appeal or other matter relating to the tax liability of such taxpayer in any hearing before, or conference with, the commission, or any member or agent thereof, unless there is first filed with the commission a written authorization or unless it appears to the satisfaction of the commission, or member or agent thereof, that the attorney, accountant or agent does in fact have authority to represent the taxpayer."

turns for 1964 and 1965, however, are not directly involved in this case.) The auditor wrote to plaintiffs at their address at 1705 Fairmont Boulevard in Eugene and requested certain information. The request was answered by a certified public accountant who advised the auditor that his firm was representing the plaintiffs. Various conferences followed between the auditor and the accountant, including one conference in Salem. On March 24, 1967, the tax commission issued a notice of proposed deficiency and assessment for 1963 and addressed it to:

Donald and Sylvia Furtick
c/o Charles Larson, Certified Public Accountant
261 East 12th Avenue
Eugene, Oregon 97401

On April 25, 1967, the commission issued notices of deficiency and proposed assessments for 1964 and 1965 and addressed them to Donald R. and Sylvia Furtick, 1705 Fairmont Boulevard, Eugene, Oregon.

The plaintiffs' accountant, Charles Larson, testified that he had not been given any power of attorney by the plaintiffs, that he could not recall whether or not he called plaintiffs and advised them he had received the notice of proposed deficiency dated March 24, 1967, or whether he placed it in his file until after April 15, and that he did not have any authority to commit the plaintiffs to payment of any deficiencies.

The auditor who represented the commission in the audit of plaintiffs' returns for 1963 through 1965 testified to the various conferences he conducted with plaintiffs' accountant. He also stated that in the majority of cases he mailed the notice of proposed deficiency directly to the taxpayers although all preliminary negotiations and conferences had been conducted with the taxpayers' accountant.

■ The commission auditor did not comply with ORS 314.405 requiring the mailing of the notice of deficiency and proposed assessment to the taxpayer at his last known address. The taxpayers' last and proper address was the one used by the commission to mail the 1964 and 1965 notices: 1705 Fairmont Boulevard, Eugene, Oregon. If the auditor believed, as he must have, that he was following the statute by mailing the 1964 and 1965 notices to the plaintiffs' Fairmont address, there was no reason why he should not have used the same address for mailing the 1963 notice, particularly when he was auditing all three returns at the same time.

■ Neither is the commission entitled to rely on ORS 314.820 which allows a taxpayer to be represented by an attorney, accountant or agent. That statute explicitly states that no agent shall be recognized as representing the taxpayer unless (1) a written authorization has been filed; or (2) it appears to the satisfaction of the commission or agent of the commission that such attorney, accountant or agent of the taxpayer "does in fact have authority to represent the taxpayer."

As it is agreed that plaintiffs did not file any written authorization appointing Larson as their agent, it is necessary that the auditor be satisfied that Larson had actual authority to represent plaintiffs even to the extent of receiving the notice of deficiency assessment for them. Apparently the auditor was not satisfied as to Larson's authority to do so or he would not have sent the 1964 and 1965 notices directly to the plaintiffs instead of their accountant. Moreover, the auditor's testimony that in most cases the notice of deficiency is sent directly to the taxpayer even though he has been represented throughout the conferences

by an accountant would indicate that the commission does not place total reliance on ORS 314.820 unless a written authorization of appointment has been filed with the commission.

The notice of the deficiency and proposed assessment was insufficient for the reasons mentioned. The order of the commission is set aside.