ROY L. and GOLDIE DICKSON *v.*
DEPARTMENT OF REVENUE

Edward V. O'Reilly, Eugene, represented plaintiffs.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiffs rendered October 4, 1973.

CARLISLE B. ROBERTS, Judge.

On or before April 15, 1965, plaintiffs, Oregon residents, duly filed a joint personal income tax return for the calendar year 1964. The return had been prepared by a certified public accountant. Plaintiffs have appealed from the Department of Revenue's Order No. I-73-4, holding that additional taxes should be paid for the 1964 tax year. At the hearing which resulted in this order, taxpayers contended that the department had no jurisdiction to act for the reason that proper statutory notice had not been given to the plaintiffs. The order, however, only goes to the merits and the complaint to this court pleads two causes of suit, the first being the department's jurisdiction and the second pleading the merits.

On April 5, 1966, the defendant issued a proposed

assessment and mailed it to the taxpayers, and, within 30 days of such notice, the plaintiffs requested a conference as provided by ORS 314.405. Conference was held on May 31, 1966, the taxpayers being accompanied by their accountant, after which additional information was submitted to the department by the plaintiffs. At no time was the accountant held out as the taxpayers' representative and he was never authorized to represent the taxpayers or to accept an assessment or to settle the department's claim against the taxpayers. Needless to say, he had no written authorization from the taxpayers to represent them. See ORS 314.820. On January 19, 1967, the department mailed to the accountant, at his business address, an unsigned letter, enclosing a revised audit report "together with a notice of assessment," the latter being addressed to the plaintiffs at their home address. This was brought to the notice of the taxpayers in June 1967, at which time they asked for a hearing pursuant to ORS 314.455. For reasons not clear to the court, nothing transpired for five and one-half years and then the department asked the accountant to produce a written power of attorney (a request with which the plaintiffs did not comply). The statutory hearing was held on December 20, 1972, at which time the jurisdiction of the Department of Revenue was questioned without avail. An opinion and order was signed by the deputy director on March 28, 1973, which contained no reference to the question of jurisdiction.

The pertinent portion of ORS 314.410 (1965 Replacement Part) provides:

"(4) After June 30, 1957, the tax deficiency *must* be assessed and notice of tax assessment *mailed to the taxpayer* within one year from the date of the notice of proposed assessment unless

an extension of time is agreed upon as prescribed in subsection (6) of this section." (Emphasis supplied.)

For tax years beginning on or after January 1, 1969, the statute was amended to provide for notice to be sent to an attorney in fact (Oregon Laws 1971, ch 507, § 1), as follows:

"(4) The tax deficiency must be assessed and notice of tax assessment mailed to the taxpayer *or his authorized representative, who is authorized in writing,* within one year from the date of the notice of proposed assessment unless an extension of time is agreed upon as prescribed in subsection (6) of this section." (Emphasis supplied.)

This enactment was too late for application in the present case.

 The department argues that the plaintiffs had actual notice and that this is enough to give the defendant authority to issue the order on the merits. However, in this instance the defendant is not confronted with a simple limitation of time or of method; it is a limitation of power. It must act in accordance with the statute or its act is a nullity. There are no inherent powers in an administrative agency. Its warrant to act must be expressly stated in the statutes or be implicit therein. As stated in *Layman v. State Unemp. Comp. Com.,* 167 Or 379, 401, 117 P2d 974, 136 ALR 1468 (1941):

"It is an elementary and fundamental principle, which no one will dispute, that a commission, created by the legislature to administer a statute, is wholly limited in its powers and authority by the law of its creation. No more unwholesome doctrine could be suggested than that such a body is vested with discretion to ignore or transgress these limita-

tions even to accomplish what it may deem to be laudable ends. * * *"

See also *Gouge v. David et al.,* 185 Or 437, 459, 202 P2d 489 (1949).

In this decision, the court follows the precedent set in *Straumfjord v. Commission,* 3 OTR 69 (1967), and *Furtick v. Commission,* 3 OTR 242 (1968). Defendant's counsel has sought to distinguish these cases inasmuch as the *Straumfjord* case relied in substantial part on *McCain v. State Tax Com.,* 227 Or 486, 360 P2d 778, 363 P2d 775 (1961), and *Furtick* relies on *Straumfjord.* The *McCain* case was specifically overruled in *Stroh v. SAIF,* 261 Or 117, 120, 492 P2d 472 (1972). However, *Stroh* is distinguishable on the facts. In that case, letters of notification were addressed to the proper parties and were received by the parties. The statute provided that such notices must be sent by certified or registered mail, but ordinary mail was used. The court held that in light of the fact that the statute provided that notification by mail satisfied the requirement of notice, even though the notification was not received, it would make no difference whether the notice was sent by ordinary or registered or certified mail if there was actual receipt. In the present case, the administrative agency failed to utilize the statutes provided for its proper administration and addressed the vital notice to a third party whom it mistakenly inferred had authority to represent the taxpayers.

The legislature has given wide powers and safeguards to the agency, including the provision in ORS 314.405 that:

"(7) Mailing of notice to the taxpayer at his last-known address shall constitute the giving of notice * * *."

However, the legislature did not sanction the notice used in the present case. The period of time in which the department could retrieve its failure has long since passed.

The notice of deficiency was insufficient for the reasons mentioned and the order of the department is set aside.