IN THE OREGON TAX COURT

Virginia and Clifford SYMONDS
*v.*
DEPARTMENT OF REVENUE
(TC 2949)

Plaintiff, Virginia Symonds, appeared *pro se.*

Ted T. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered October 3, 1990.

**CARL N. BYERS, Judge.**

Plaintiffs appeal the disallowance of travel expenses claimed on their 1984 income tax return. Defendant disallowed the travel expenses and assessed a deficiency based on notice of similar action taken by the Internal Revenue Service.

Based upon the evidence adduced at the trial, the court finds the following facts:

During 1984, plaintiff Virginia Symonds (Virginia) was employed by Children's Services Division (CSD) of the State of Oregon as a liaison specialist. Although Virginia lived in Portland and had an office in Portland, she was supervised out of the Salem office. As a liaison specialist, she dealt with

private treatment agencies that perform services under contract with the state. Her duties required extensive travel statewide. CSD had insufficient state cars and, therefore, authorized her to use her private car for work. Virginia was entitled to reimbursement for mileage in performing her duties. For reasons not entirely clear to the court, she did not seek or obtain any reimbursement. She explained that CSD is always underfunded. She and a number of other CSD employees do not seek reimbursement to avoid increasing the agency's budget problems. Instead, she elected to deduct the expenses on her income tax return. Other facts were elicited at the trial concerning substantiation of the amounts claimed. It is not necessary for the court to make findings with regard to the substantiation issue.

The legislature has expressly declared its intent:

"[T]o make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code * * *." ORS 316.007 (1983 Replacement Part).

Federal cases have long drawn a "bright line" between deductible and nondeductible travel expenses as affected by the right to reimbursement.

"Numerous courts have held that an expense is not 'necessary' under § 162(a) when an employee fails to claim reimbursement for the expenses, incurred in the course of his employment, when entitled to do so. *See, e.g., Coplon v. Commissioner,* [60-1 US Tax Cas (CCH) ¶ 9425], 277 F.2d 534, 535 (6th Cir. 1960); *Heidt v. Commissioner* 274 F.2d 25, 28 (7th Cir. 1959); *Stolk v. Commissioner* [CCH Dec. 26,127], 40 T.C. 345, 356 (1963), *aff'd,* [64-1 US Tax Cas (CCH) ¶ 9228] 326 F.2d 760 (2d Cir. 1964)." *Orvis v. Commissioner,* 788 F2d 1406; 86-1 US Tax Cas (CCH) ¶ 9396 (1986).

As defendant points out, although it may be small solace to Virginia, the rule has been applied to agents of the Internal Revenue Service, as well as to others. *Podems v. Commissioner,* 24 TC 21 (1955). Moreover, a taxpayer may not escape the rule by showing that claiming reimbursement would cause budget problems for the employer, (*Patterson v. Commissioner,* 36 TCM (CCH) 484 (1977), *aff'd* (unpublished; 9th Cir 3/31/80)); or showing that it would be futile to claim reimbursement because the employer was short of funds, (*Worth v. Commissioner,* 20 TCM (CCH) 216 (1961)). The

rule applies to all, regardless of circumstance.[1] Although the rule appears to be based on administrative convenience, its clear application to the facts in this case forecloses any further inquiry or discussion. Accordingly, defendant's Opinion and Order No. 88-4595 is sustained. Judgment will be entered accordingly. Costs to neither party.

---

[1] To paraphrase the court in *Hildebrand v. Commissioner,* 683 F2d 57, 59 (3rd Cir 1982), 82-2 US Tax Cas (CCH) ¶ 9468, the rule "distributes unhappiness without discrimination."