IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| NATALIE D. LIGGETT, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 130378N |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION** |

The court entered its Decision in the above-entitled matter on March 19, 2014. The court

did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days

after its Decision was entered. The court's Final Decision incorporates its Decision without

change.

Plaintiff appeals Defendant's Notice of Deficiency Assessment issued March 11, 2013,

for the 2010 tax year. A trial was held in the Oregon Tax Courtroom in Salem, Oregon, on

January 30, 2014. Dennis B. Liggett, Attorney at Law, appeared on behalf of Plaintiff. Plaintiff

testified on her own behalf. John Koehnke (Koehnke), Tax Auditor, appeared and testified on

behalf of Defendant. Plaintiff's Exhibits 1 through 26 were received without objection.[1]

Plaintiff objected to Defendant's Exhibits A through E because they were not timely exchanged

under Tax Court Rule-Magistrate Division (TCR-MD) 10 C(1) and the court excluded

Defendant's Exhibits under TCR-MD 10 D.

/ / /

/ / /

---

[1] Defendant objected generally to the relevance of any exhibits to the extent that they relate to Defendant's collections procedures.

# I.  STATEMENT OF FACTS

The parties stipulated to several facts prior to trial.  The parties agreed that "[t]he dollar amounts of the deductions claimed on Plaintiff's return were * * * appropriately substantiated." (Ptf's Req Stip at 1, ¶ 2.)  The parties further agreed that "[t]he issue before the Court is the statutory authority of the ability to claim the deductions."  (*Id.* at 1-2, ¶ 3.)  "A Business Expense deduction of $2,163 for classroom supplies has been accepted [by Defendant] and is not at issue in this matter."  (*Id.* at 2, ¶ 4; *see also* Def's Answer at 1.)  The parties agree that Plaintiff's employer in 2010, the Willamette Education Service District (WESD), "did not accept requests or pay reimbursement expenses after 60 calendar days."  (Ptf's Pre-Tr Mots at 2.)  For the 2010 tax year, the WESD "qualifie[d] as a charitable organization under IRC 170."  (Ptf's Req Stip at 2, ¶ 8.)  The parties agreed that "[t]he WESD was under State Audit as well as the subject of several fiscal responsibility investigations during the year 2010 which is a matter of public record."  (*Id.* at 3, ¶ 10.)

Plaintiff testified that she has a masters degree in early childhood education and was a member of the faculty at WESD.  She testified that, in 2010, she was WESD's only specialist in Spanish and American Sign Language.  Plaintiff testified that, in 2010, she was assigned by WESD as an "itinerant teacher," which required her to travel extensively around the state, although her office was in Salem.  She testified that her salary from WESD would have been the same in 2010 had she been assigned as a classroom teacher instead.  Plaintiff testified that from January to March 2010, she received mileage reimbursements from WESD.

Plaintiff testified that, in 2010, WESD was in debt and under investigation by the State of Oregon.  (*See* Ptf's Ex 6.)  She testified that there was pressure on the employees to reduce costs. Plaintiff testified that, prior to April 1, 2010, she had submitted requests for and received

reimbursement from WESD for travel expenses. She testified that WESD held a staff meeting on or around April 1, 2010, during which employees were asked to develop solutions to WESD's budget problems and some limitations were imposed on staff to reduce expenses, for instance, a limitation on making photocopies. Plaintiff testified that WESD announced at the April 2010 meeting that employees would be laid off. She testified that she was laid off on April 2, 2013, although she was released from her job duties in December 2012.

WESD's written reimbursement policy required reimbursement requests to be submitted within 60 days of travel and "approved by the immediate supervisor and director in writing." (Ptf's Ex 22 at 5.) Plaintiff testified that her relationship with her supervisor was poor and she feared retaliation if she requested reimbursement for travel expenses. She testified that her supervisor publically harassed, intimidated, and bullied her. Plaintiff testified that her supervisor engaged in systematic retaliatory measures, including placing Plaintiff on a "plan of assistance" in October 2011.

Plaintiff testified that, as of April 2010 and for the remainder of the calendar year, she did not make any additional requests for reimbursement from WESD. Plaintiff claimed on her 2010 income tax return a vehicle expense of $8,500 based on 17,000 business miles in 2010. (Ptf's Ex 1 at 4-5.) Plaintiff also claimed charitable contributions on her 2010 Schedule A. (*Id.* at 3.) She testified the charitable contributions did not include her mileage for WESD.

Koehnke testified that he has no reason to doubt Plaintiff's testimony that she felt intimidated by her supervisor. He testified that he would have allowed a business deduction for Plaintiff's mileage if she had sought reimbursement from WESD and been denied. Koehnke testified that expenses associated with services donated to a charity are deductible under IRC

/ / /

section 170. He testified that the mileage rate for purposes of a deduction under IRC section 170 is $0.14 per mile, not $0.55 per mile as it is for the deduction under IRC section 162.

## II. ANALYSIS

The first issue presented is whether Plaintiff may deduct her mileage for the 2010 tax year as an unreimbursed employee business expense under Internal Revenue Code (IRC) section 162. If the court determines that Plaintiff may not deduct her mileage as an unreimbursed employee business expense, Plaintiff argues in the alternative that she should be allowed to deduct her mileage for the 2010 tax year as a charitable contribution under IRC section 170. If the court determines that Plaintiff is allowed to deduct her mileage for the 2010 tax year as a charitable contribution, Plaintiff argues that the mileage rate is $0.55 per mile rather than $0.14 per mile based on WESD's written policy to reimbursement employees at $0.55 per mile. Finally, Plaintiff challenges the five percent penalty imposed by Defendant.

"The Oregon Legislature intended to make Oregon personal income tax law identical to the [IRC] for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law." *Ellison v. Dept. of Rev.*, TC-MD No 041142D, WL 2414746 *6 (Sept 23, 2005), citing ORS 316.007.[2] "Further, the view of the Commissioner of Internal Revenue as to the legal analysis is dispositive." *Porter v. Dept. of Rev.*, 20 OTR 30, 31 (2009), citing ORS 314.011(3).

As the party seeking affirmative relief, Plaintiff bears the burden of proof by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2009.

meet [her] burden of proof * * *." *Reed v. Dept. of Rev*., 310 Or 260, 265, 798 P2d 235 (1990). In an income tax appeal, this court has statutory authority "to determine the correct amount of [the] deficiency, even if the amount so determined is greater or less than the amount of the assessment determined by the Department of Revenue[.]" ORS 305.575.

A.    *Unreimbursed employee business expenses*

IRC section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" To be "ordinary," "the transaction which gives rise to [the expense] must be of common or frequent occurrence in the type of business involved." *Deputy v. DuPont*, 308 US 488, 495, 60 S Ct 363, 84 L Ed 416 (1940), citing *Welch v. Helvering* (*Welch*), 290 US 111, 114, 54 S Ct 8, 78 L Ed 212 (1933). A "necessary" expense is one that is "appropriate and helpful" to the taxpayer's business. *See Welch*, 290 US at 113. Allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992) (citations omitted).

"Numerous courts have held that an expense is not 'necessary' under § 162(a) when an employee fails to claim reimbursement for the expenses, incurred in the course of his employment, when entitled to do so." *Orvis v. Comm'r* (*Orvis*), 788 F2d 1406, 1408 (9th Cir 1986) (citations omitted). The US Tax Court explained that an employee

> "cannot deduct as his own expenses amounts which are not his, but which are, to the contrary, expenses of his corporate employer. * * * That [the] petitioner was not in fact reimbursed does not change expenditures made on behalf of the corporation into ordinary and necessary expenses of the petitioner."

*Worth v. Comm'r* (*Worth*), 20 TCM (CCH) 216 (1961) (citations omitted). The Ninth Circuit Court of Appeals in *Orvis* described the underlying policy of the rule:

/ / /

> "A bright line rule prohibiting deductions for reimbursable expenses avoids the difficult inquiry into the taxpayer's knowledge, and gives the taxpayer an incentive to determine which expenses are reimbursable. The rule also forecloses an avenue for tax manipulation by preventing the taxpayer from converting a business expense of his company into one of his own simply by failing to seek reimbursement."

*Orvis*, 788 F2d at 1408, (citations omitted).

Plaintiff acknowledges that WESD had a written reimbursement policy that allowed reimbursement for personal vehicle mileage and that, prior to April 2010, she received reimbursement from WESD for mileage. Plaintiff argues that, despite WESD's written policy, she was effectively barred from receiving reimbursement after April 2010 as a result of WESD's budget problems and her fear of retaliation by her supervisor if she requested reimbursement.

The court is sympathetic to Plaintiff and does not doubt her testimony that she felt intimidated by her supervisor and, as a result, did not request reimbursement. Unfortunately, Plaintiff's belief that she could not receive reimbursement from WESD is not enough to meet her burden of proof. In order for an employee to deduct ordinary and necessary business expenses, a request for reimbursement must be made and denied, or reimbursement must otherwise be unavailable. *Stolk v. Comm'r,* 40 TC 345, 356 (1963), *aff'd,* 326 F2d 760 (2d Cir 1964). If the employee fails to make a reimbursement request due to the belief that it would be denied, the expense is not deductible by the employee. *See Govier v. Comm'r* (*Govier*), 60 TCM (CCH) 1348 (1990) ("[t]he deciding factor is not whether petitioner 'believed' he could not get reimbursement; rather, it is whether he 'actually' could not get reimbursement").

Courts have consistently held that the fact that the employer faced budgetary problems is not enough, by itself, to establish that employee reimbursement was unavailable. *Symonds v. Dept. of Rev.*, 11 OTR 417, 418 (1990) (court denied mileage deduction to taxpayer who did "not seek reimbursement to avoid increasing the agency's budget problems"); *Contreras v. Comm'r*,

93 TCM (CCH) 1017 (2007) (court denied the taxpayer's unreimbursed employee business expenses because the taxpayer "did not submit any requests for reimbursement of employee expenses that he paid during certain unidentified travel freezes in the year at issue and that he made no attempt to obtain the approval of a vice president authorizing reimbursement of any such expenses").

The facts of *Govier* are somewhat similar to this case. 60 TCM (CCH) 1348. In *Govier*, the taxpayer was a special agent with the Criminal Investigation Division (CID) of the Internal Revenue Service, which "endured severe budget crises[]" throughout the tax years at issue. *Id.* The taxpayer's manager "regularly told his group's special agents that all unessential travel would have to be curtailed." *Id.* "Because of the budget restraints and the inferences he received from his supervisors, [the taxpayer] believed he would not be reimbursed for all the mileage he incurred * * * [and] therefore did not request reimbursement for all of his incurred mileage." *Id.* The court nevertheless denied the taxpayer's mileage, explaining "because [the taxpayer] did not have any of his travel vouchers rejected by CID, we have no reasonable basis to conclude that petitioner was correct in his belief that reimbursement would be denied." *Id.*

*Govier* may be contrasted with *Kessler v. Comm'r* (*Kessler*), 49 TCM (CCH) 1565 (1985). The taxpayer in *Kessler* was a Federal Bureau of Investigation (FBI) agent who did not request reimbursement of certain business expenses due to a policy "whereby special agents in the New York office would not be reimbursed for certain categories of out-of-pocket expenditures." *Id.* The taxpayer established the existence of the policy through testimony from the New York City office manager. *Id.* The court allowed the taxpayer's expenses because,

/ / /

/ / /

"[a]lthough special agents in New York could have formally appealed [the policy], the record before us indicates such action would be impractical. * * * [U]nder the circumstances here present, an expense that would otherwise be deductible under section 162 will not be rendered nondeductible because petitioner did not [request reimbursement or appeal the policy]."

*Id.* The holding in *Kessler* is consistent with the requirement that reimbursement must actually be unavailable. The taxpayer in *Kessler* possessed more than a belief that his reimbursement request would be denied because the evidence supported a finding that his request would have been denied under the policy and that appealing the policy was impractical. *See id.*

To deduct her mileage, Plaintiff must provide evidence that reimbursement was actually unavailable from WESD. Such evidence might include a written reimbursement policy that excludes or limits reimbursement for certain expenses; denial of a reimbursement request; or persuasive testimony from a manager regarding an unwritten policy that reimbursement requests would be denied for certain expenses, such as that provided in *Kessler*. Here, Plaintiff testified that she did not believe reimbursement was available to her because of WESD's budget problems and because of her belief that her supervisor would deny her request for reimbursement or otherwise retaliate against her for submitting a request. Plaintiff presented no evidence of a request that had been denied in 2010 or that her supervisor has established a policy of denying requests for reimbursements contrary to WESD's written policy. The court finds that, for the 2010 tax year, Plaintiff's mileage was reimbursable by WESD and was not, therefore, a necessary business expense under IRC section 162(a).

B.      *Charitable deduction*

Plaintiff argues, in the alternative, that she should be allowed to deduct her mileage for the 2010 tax year as a charitable contribution under IRC section 170.

/ / /

A charitable contribution to a qualifying organization may be deducted in the tax year that the contribution is made. IRC § 170(a)(1); *see also Brice v. Dept. of Rev.* (*Brice*), 6 OTR 548, 552 (1976) (applying the provisions of IRC § 170). Treas Reg 1.170A-1(g) states, in pertinent part, that "[n]o deduction is allowable under section 170 for a contribution of services. However, unreimbursed expenditures made incident to the rendition of services to an organization * * * may constitute a deductible contribution. For example * * * out-of-pocket transportation expenses necessarily incurred in performing donated services are deductible." The parties have stipulated that WESD is a qualified charitable organization for purposes of IRC section 170. Thus, the question is whether Plaintiff's mileage expense was "necessarily incurred in performing donated services" to WESD.

Plaintiff argues that she should be allowed to deduct her mileage as a charitable contribution to WESD because she received no benefit from her travel on behalf of WESD. Defendant disagrees, asserting that Plaintiff was a paid employee of WESD and that she incurred mileage expenses while performing her duties as an employee. The court agrees with Defendant.

The court has previously explained that the "donative intent" required for a gift is also required for a charitable contribution under IRC section 170. *Brice*, 6 OTR at 552-53, citing *Straumfjord v. Comm'n*, 3 OTR 69, 74 (1967). A gift "proceeds from a 'detached and disinterested generosity' or 'out of affection, respect, admiration, charity or like impulses' " rather than "from 'the constraining force of any moral or legal duty' or from the 'incentive of anticipated benefit, of an economic nature.' " *Id.* at 552, citing *Comm'r v. Duberstein*, 363 US 278, 80 S Ct 1190, 4 L Ed2d 1218 (1960).

Plaintiff incurred mileage expenses in 2010 in her capacity as an employee of WESD and with the expectation of receiving remuneration for her services. She was not a volunteer for

WESD performing donated services. Plaintiff is mistaken in her view that her mileage expenses were distinct from performance of her job duties for WESD. Plaintiff's mileage expenses were not incurred while performing donated services, so she may not deduct her mileage as a charitable contribution under IRC section 170. Because the court has concluded that Plaintiff may not deduct her mileage as a charitable contribution, the court need not address Plaintiff's argument concerning the applicable mileage rate.

C.      *Penalty waiver*

During trial, Plaintiff challenged the five percent penalty imposed by Defendant when it issued a Notice of Deficiency Assessment to Plaintiff. It is unclear under what authority Plaintiff challenges the penalty assessed by Defendant.

ORS 314.400(1) states, in part, "[i]f a taxpayer * * * fails to pay a tax by the date on which the * * * payment is due, the Department of Revenue shall add to the amount required to be shown as tax on the report or return a delinquency penalty of five percent of the amount of the unpaid tax." *See also Pelett v. Dept. of Rev.* (*Pelett*), 11 OTR 364, 365 (1990) (stating ORS 314.400 "is mandatory"). The Department of Revenue may establish rules for the discretionary waiver of all or part of its penalties. ORS 305.145(4). Thus, the power to waive the penalty is discretionary and given to Defendant. *See Pelett*, 11 OTR at 365 ("[t]he issue of whether [the Department of Revenue] should have waived penalties imposed under ORS 314.400 is not reviewable by this court"). Plaintiff presented no evidence that she requested a penalty waiver by Defendant, so there is no determination by Defendant for the court to review in this case. The court has no authority to waive the five percent penalty imposed by Defendant.

/ / /

/ / /

### III. CONCLUSION

After careful consideration, the court concludes that, for the 2010 tax year, Plaintiff's mileage was reimbursable by WESD and was not, therefore, a necessary business expense under IRC section 162(a). The court concludes that Plaintiff's mileage was not incurred while performing donated services, so she may not deduct her mileage as a charitable contribution under IRC section 170. Plaintiff's penalty waiver request is denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of April 2014.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on April 7, 2014. The court filed and entered this document on April 7, 2014.*