IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| RUSSELL D. MORRIS and JANICE I. MORRIS, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 160287R |
| v. | ) ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiffs appealed Defendant's Notices of Assessment, dated July 19, 2016 and October 5, 2016, for the 2012, 2013, and 2014 tax years. A trial was held on February 16, 2017, in the Oregon Tax Court. Robert L. Armstrong appeared on behalf of Plaintiffs. Janice I. Morris (Morris) and Robert L. Armstrong (Armstrong) testified on behalf of Plaintiffs. Kathleen Johnson and Willie Lam appeared on behalf of Defendant. Kathleen Johnson (Johnson) testified on behalf of Defendant. Plaintiffs' Exhibits 1 to 6 were admitted without objection. Defendant's Exhibits A to H were admitted without objection.

At the outset of the trial Plaintiffs moved to continue the trial because the original tax preparer had passed away. However, upon questioning from the court, Plaintiffs explained that the death occurred in 2014. Plaintiffs' request, made on the day of trial, was untimely and lacked good cause.

/ / /

/ / /

---

[1] This Final Decision incorporates without change the court's Decision, entered September 28, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

## I.  STATEMENT OF FACTS

Morris testified that she is a postal clerk.  In 2012, Morris was assigned to work in Hubbard, Oregon.  Morris was periodically assigned to work in other locations on a temporary basis and occasionally worked in multiple locations in a single day.  Morris wrote down the name of the locations where she worked on her calendar.  (Ptfs' Ex 6.)  Morris testified that she did not seek reimbursement from her employer for travel between locations because she was unsure of the employer's policy.  Morris testified that she sought and was paid reimbursement for travel related to work from her employer in 2009 and 2010.  Morris explained that she "thought it had to be a huge amount" in order to ask for reimbursement from her employer.

Morris testified that her spouse, Russell D. Morris (Mr. Morris), works as a mobile mechanic for Frito-Lay.  Morris testified that Mr. Morris was required to pick up and leave his work truck in Salem.  Occasionally, she would drive Mr. Morris between Salem and Tualatin and keep track of the miles using the label "truck" on her calendar.  Morris' calendar did not include actual mileage figures for travel related to driving Mr. Morris and was not sure whether the individual calendar items represented travel to Tualatin or Salem.

Armstrong testified that he has been an accountant since 1978, and did not prepare any of the tax returns at issue.  He testified that Exhibit 2 represents Mr. Morris' description of his job, proof of the employer's tool reimbursement policy, and a statement from his employer that "[Mr.] Morris was required to park his [work] truck at the Salem DC location even though he was required to work in Portland."[2]  (Ptfs' Ex 2 at 8.)  Armstrong testified that Exhibit 5 at 1–2 is a Google Map showing the distance from Mr. Morris' home in Oregon City to the Salem

---

[2] The employer's document stated the northern business location was in "Portland."  However, an email from Mr. Morris (Ptfs' Ex 2 at 2) and testimony from his spouse identified the location as Tualatin.  The court takes judicial notice that Tualatin is an incorporated city within the Portland metropolitan area, but is not part of the city of Portland.  The court finds that actual work location is in Tualatin.

location where he picked up his employer provided truck. Armstrong also testified that the remainder of Exhibit 5 shows receipts on which Plaintiffs based their claim for unreimbursed employee business expenses.

For the 2012 tax year, Mr. Morris claimed employee business expenses of $5,550 for vehicle expense; $476 for travel expense; $14,951 in other business expenses; and $7,215 in mileage expense; but, added back $1,000 for unreported employer reimbursements. (Ptfs' Ex 3 at 3, 5.)

Johnson testified she is a tax auditor for Defendant. She testified that Defendant considered Mr. Morris' 2012 mileage as nondeducible commuting miles and also found that his records lacked substantiation. She testified that of the $14,951 in other expenses claimed by Mr. Morris, Defendant allowed $579.51 for tools, and denied the remainder for lack of substantiation. Johnson testified that some of the receipts provided by Plaintiffs showed charges to an American Express card that was in the name of Mr. Morris' employer. She explained that she was never told whether those charges were paid by the employer or by Mr. Morris. Johnson testified that Morris' mileage was denied because her employer's reimbursement policy was unclear and her documentation lacked substantiation.

## II. ANALYSIS

In analyzing Oregon income tax cases the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make Oregon's personal income tax law identical in effect to the federal Internal Revenue Code (IRC) for the purpose of determining taxable income of individuals, wherever possible. ORS 316.007.[3] Second, in cases before the Tax Court, the party seeking affirmative relief bears the burden of proof and must establish his or

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

her case by a "preponderance of the evidence." ORS 305.427. Third, allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Commissioner*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992).

The legal authority for the disputed deductions begins in IRC section 162(a), which provides in relevant part:

> "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including –
> * * * * *
> (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business[.]"

IRC section 162 generally disallows deductions for "personal, living, or family expenses" not otherwise expressly provided for in the IRC. Thus, in general, a taxpayer may not deduct daily transportation expenses, commonly referred to as commuting expenses, incurred in going between the taxpayer's residence and their regular place of business or employment. Treas Reg § 1.262-1(b)(5); *see also* §1.162-2(e). However, "if a taxpayer has one or more regular work locations away from the taxpayers' residence, the taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a *temporary* work location[.]" Rev Rul 99-7, 1999-1, CB 361, 1999 WL 15135 (emphasis in original).

IRC section 274(d) provides that no deduction is allowable under section 162 for any traveling expenses unless the taxpayer complies with strict substantiation rules. IRC § 274(d)(1), (4). A taxpayer must substantiate the amount, time, place, and business purpose of the expenses by adequate records or by sufficient evidence corroborating his or her own statement. IRC § 274(d)(4); Treas Reg § 1.274–5T(b)(2), (c).

A.     *Mr. Morris' Travel Miles*

Plaintiffs contend that Mr. Morris is entitled to deduct travel miles from his home to Salem where he picks up his employer's work truck because his assigned work location, according to his employer, is in Portland. The problem with that argument is that Salem does not represent a temporary work location – the employer requires him to park and pick up his work truck at that location. Salem represents a normal work location for Mr. Morris. Thus, the commute from his home to Salem represents nondeductible commuting miles.

B.     *Mr. Morris' Tool Expense*

Plaintiffs assert Mr. Morris should be able to deduct the cost of tools he purchased for work. In support of that proposition, Plaintiffs presented the hearsay testimony of Armstrong who stated that Mr. Morris told him the receipts presented in Exhibit 5 represented his unreimbursed tool expenses. That hearsay testimony, without any first-hand knowledge, or any meaningful explanation of the items purchased, was not persuasive. That leaves the invoices and receipts presented as exhibits alone and without any support. Some of the receipts were charged on the employer's credit card. It is unclear whether the employer paid for any of the items. The receipts often do not contain a detailed description of the items purchased. Without further explanation, the court is unable to ascertain what the items are, whether they were related to a legitimate business purpose, whether they were presented to the employer for reimbursement, or whether the employer actually paid for the items, and if not, why not. The evidence is simply lacking. Thus, the court finds that Plaintiffs have not met their burden of proof with respect to their deduction for tool expenses.

/ / /

/ / /

C.    *Morris' Mileage Expense*

Plaintiffs assert Morris was entitled to a deduction for business related travel when she went to temporary work locations for her employer and when she occasionally transported Mr. Morris between his Salem and Tualatin work locations. Defendants denied the deduction due to a lack of substantiation.

As noted above, travel to temporary work locations could certainly qualify for a deduction. In this case, however, the issue is whether the claimed mileage expenses in going to temporary work locations are "ordinary and necessary" under IRS section 162(a). This court has consistently held that "an expense is not 'necessary' under § 162(a) when an employee fails to claim reimbursement for the expenses, incurred in the course of his [or her] employment, when entitled to do so. *Symonds v. Dept. of Rev.*, 11 OTR 417, 418 (1990) (citations omitted). Morris acknowledged that in the past her employer had reimbursed her for travel related expenses. Morris did not demonstrate by a preponderance of the evidence that she would not have been reimbursed by her employer for travel to temporary work locations during the 2012 tax year. Therefore, the deduction is not allowed.

Morris also sought to deduct for mileage related to occasionally transporting Mr. Morris between Tualatin and Salem. As stated previously, that type of travel is potentially deductible, if it is ordinary and necessary for the employer. But here, Morris was unable to state why the travel was necessary for Mr. Morris' employer. It is just as likely that the mileage was for Mr. Morris' own convenience. Thus, the deduction related to that travel must be disallowed.

D.    *Deductions for the 2013 and 2014 Tax Years*

Plaintiffs did not present any evidence with respect to the 2013 or 2014 tax years. Thus, their appeal for those years must be denied for lack of substantiation.

### III. CONCLUSION

After careful consideration of the evidence presented, the court finds that Plaintiffs have not met their burden of proof with respect to the deductions sought for the 2012, 2013, and 2014 tax years.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied

Dated this ____ day of October, 2017.


_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Davis and entered on October 17, 2017.*